John Dessureau, et al. v. Maurice Memorials, Inc., et al.

[318 A.2d 652]

No. 217-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Robert J. Kurrle, Esq.*, Montpelier, for Plaintiff.

*Reginald T. Abare, Esq.*, Barre, for Defendant.

**Daley, J.** The plaintiffs, John Dessureau and James W. McLam, brought an action in the Washington County Court seeking to enjoin the defendants, Maurice Memorials, Inc., and others, from trespassing upon property which they claim to own in Barre, Vermont. The cause was heard by the judge of the Washington County Court, sitting without a jury, upon an agreed statement of facts and issues, resulting in a judgment for the plaintiffs.

The property, located in Barre, Vermont, is the easterly half of an abandoned railroad right-of-way, which runs generally north to south, abutting the plaintiffs on the east and the defendants on the west. The property was originally owned by one W. D. Hooker in fee simple. The White River Railroad Company took the property under the authority of condemnation proceedings on November 8, 1887. See sections 3356–3362 of the Revised Laws of Vermont (1880). The taking, pursuant to statutory authority, gave the railroad only an easement, not a fee, and upon abandonment the property reverts to the former owner. *Troy & Boston R.R. Co.* v. *Potter*, 42 Vt. 265, 274 (1869). In 1955, the railroad right-of-way was abandoned by the then owner, Central Vermont Railway, Inc.

In order to maintain an action in trespass, one must show right to immediate possession. *Huntly* v. *Houghton*, 85 Vt. 200, 205, 81 A. 452 (1911). Such right to possession is presumed to be with the holder of legal title, absent a showing to the contrary. *Laird Properties* v. *Mad River Corporation*, 131 Vt. 268, 277, 305 A.2d 562 (1973). There-

fore, the issue in this case centers on whether the plaintiffs were the holders of legal title to the property in question.

The plaintiffs claim title to the easterly half of the former abandoned railroad right-of-way by virtue of an administrator's deed from the Estate of W. D. Hooker, to Julia Ann Hooker, his widow, dated September 23, 1889, and a successive chain of title. This disputed property abuts onto the westerly side of lots to which the plaintiffs presently hold undisputed legal title.

The defendants presently hold undisputed legal title to lots which abut onto the westerly boundary of the abandoned right-of-way. They challenge the plaintiffs' claim of legal title by claiming title to the entire right-of-way by virtue of conveyances from the surviving descendants of W. D. Hooker. They also allege that they have received such interest, right, and title as all the surviving descendants of W. D. Hooker had in the disputed property represented by the former railroad right-of-way.

The parties have stipulated in the agreed statement of facts that Exhibit No. 1, which is a plan of the lots on the Hooker Estate dated June, 1889, controls all deeds and plan descriptions. This exhibit shows that the westerly boundary of the plaintiffs' undisputed lots is the easterly boundary of the now abandoned railroad right-of-way and that the easterly boundary of the defendants' undisputed lots is the westerly boundary of that right-of-way.

It has long been the law of this State, and the trial court so concluded, that a railroad is an improved highway; and property taken for its use by legislative authority is property taken for public use and is the same as if it were taken for any other highway. *White River Turnpike Co.* v. *Vermont Central R.R. Co.*, 21 Vt. 590, 594 (1849). There is a legal presumption that the owner of lands adjoining a public way owns to the center line of the highway. *Murray* v. *Webster*, 123 Vt. 194, 199, 186 A.2d 89 (1962). In the absence of evidence showing the fact to be otherwise, and if there be a doubt which is intended, the law will resolve the doubt in favor of the center. *Id.*; *Maynard* v. *Weeks*, 41 Vt. 617, 619 (1869); *Marsh* v. *Burt*, 34 Vt. 289, 290–91 (1861).

The defendants contend that their claim to legal title of the entire abandoned railroad right-of-way by virtue of the surviving descendants of W. D. Hooker could overcome the presumption that the plaintiffs own to the center of that right-of-way. But the court concluded that the underlying fee to that right-of-way passed from the Estate of W. D. Hooker to Julia Hooker, and to each subsequent grantee, by virtue of the administrator's deed to Julia Hooker. The deed itself demonstrates no contrary intention.

The conclusion of the court must stand if the findings of fact fairly and reasonably support it. *Armstrong* v. *Hanover Insurance Co.*, 130 Vt. 182, 185, 289 A.2d 669 (1972). The case was submitted to the court on an agreed statement of facts, which was the basis of the court's findings. Incorporated into the agreed statement and the court's findings was the administrator's deed to Julia Hooker. Viewing the description in the deed in the light most favorable to the prevailing party, and supportive of the court's conclusion, we cannot hold that it is unsupported by the findings. See *State Highway Board* v. *Jamac Corporation*, 131 Vt. 510, 310 A.2d 120 (1973).

The trial court correctly adjudicated the claim of ownership made by the plaintiffs. The stipulated facts upon which the court made its findings of fact and conclusions of law are devoid of evidence which demonstrates that the plaintiff predecessors in title intended to limit the respective grants to the easterly edge of the right-of-way. In the absence of such intention, the legal presumption of ownership hereinbefore stated applies. The court's failure to find title in the defendants is without error.

We have also examined the defendants' claim of error in the court's use of the word "lots" in its findings and conclusions and find such claim to be without merit.

The judgment of the Washington County Court affirming that the plaintiffs are the owners of the easterly half of the abandoned right-of-way opposite the lands designated as lots 49, 50, 57, 58, James Walker 62, and (Park) on Exhibit No. 1 is affirmed.

We must, however, remand the cause to the lower court for further proceedings in connection with the prayers for relief contained in the plaintiffs' complaint. The nature and extent of the relief requested can only be determined after

354

further evidentiary hearings with a resulting amended judgment order. This cannot be done here.

*Judgment for the plaintiffs upon the question of title is affirmed; cause remanded for a consideration of the relief to which the plaintiffs may be entitled and the issuance of an amended judgment order.*