## In re Robert T. McGrath

[411 A.2d 1362]

No. 241-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 5, 1980

*Jonathan N. Brownell* and *Mary M. Teachout* of *Brownell & Hoyt,* Norwich, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Richard M. Finn,* Assistant Attorney General, Montpelier, for Defendant.

Daley, J. This is an appeal from an order made by the Vermont Real Estate Commission. On the basis of a conclusion that appellant violated 26 V.S.A. § 2292(c), the Commission denied appellant the right to sit for the real estate broker's examination until December 5, 1979, some nine months after the date he would otherwise have been able to take the exam. Appellant filed this appeal, and the Commission, pur-

suant to V.R.A.P. 13(d), certified two questions to this Court:

1. Does 26 V.S.A. Section 2211 require an employee who is not a stockholder or owner of that corporation to obtain a real estate license in order to offer and sell property owned by the corporate employer?

2. Does the record of this proceeding justify the findings by the Real Estate Commission that the appellant is not qualified for a real estate license under the provisions of 26 V.S.A. Section 2292(c)?

For the reasons given below, we answer both questions in the negative.

According to the findings of the Commission, the appellant, at all times material to this appeal, was an employee of Stanmar, Inc., a corporation with a group of condominiums in Jeffersonville, Vermont, known as the Village at Smugglers Notch. In June 1978, appellant moved from out of state to Jeffersonville to serve Stanmar as Director of Homeowner Relations and Senior Sales Manager at the Village condominium project. Although not a licensed Vermont real estate broker or salesman, appellant was involved in homeowner relations; development, construction and sales of new condominium homes; and direct dealings with lending institutions and attorneys. All of these activities, however, were pursued in connection with properties owned by appellant's corporate employer, Stanmar. Appellant did not participate in any "resales"[1] of Village at Smugglers Notch properties.

We turn now to the first certified question. Section 2212 of Title 26 requires all persons who act as a real estate broker or salesman to first obtain a license, except as otherwise provided in the chapter. "Real estate broker" and "real estate salesman" were defined by 26 V.S.A. § 2211 at the time of the Commission's decision as follows:

> For the purposes of this chapter, a real estate broker means a person, firm, partnership, association or corporation who, for a consideration, lists for sale, sells, ex-

---

[1] A "resale" is a sale of a condominium within the project after it has passed from its original corporate owner.

changes, or offers for sale or exchange, buys or offers to buy, or negotiates the purchase, exchange or sale of real estate, or rents or offers to rent real estate or improvements therein, as a whole or partial vocation; and a real estate salesman is defined to be a person employed by a licensed real estate broker to list for sale, sell or offer for sale, to buy or offer to buy or to negotiate the purchase, sale or exchange of real estate for or in behalf of a real estate broker. *However, this definition does not apply to an owner of real estate who sells or rents or offers to sell or rent his own property* . . . . All salesmen or solicitors employed by a real estate broker and all officers, agents, stockholders or other persons engaged in the purchase, sale or conveyance of real estate in behalf of or in the interest of any corporation having as one of its purposes the purchase, sale or conveyance of real estate shall be held to be within the meaning and intent of this chapter.

(Emphasis added.)

■ In the absence of ambiguity, a statute will be enforced according to the plain meaning on its face. *Christie* v. *Dalmig, Inc.,* 136 Vt. 597, 599, 396 A.2d 1385, 1387 (1979). This statute, however, is ambiguous. On the one hand, it clearly excludes from its operation sales of real estate by the owner of the real estate. On the other hand, by the broad language "all . . . agents . . . or other persons engaged in the . . . sale . . . of real estate in behalf of . . . any corporation having as one of its purposes the . . . sale . . . of real estate," it could be construed to include all sales of real estate by practically all corporations. This is because virtually all corporations have, as one of their purposes, the sale of their own real estate. Furthermore, it is indisputable that a corporation can only act through its agents. Therefore, the apparent inclusion in the licensing process of all persons who sell real estate on behalf of corporations that have, as one purpose, the sale of real estate, would make it impossible for a corporate owner of real estate to sell its own property without licensing one of its agents. *Strumpf* v. *State,* 31 Ala. App. 409, 413, 18 So. 2d 104, 107 (1944).

██ ██ This Court will not construe a statute to lead to absurd or irrational consequences. *Audette* v. *Greer*, 134 Vt. 300, 302, 360 A.2d 66, 68 (1976). To deem the appellant to be a person selling real estate on behalf of a corporation with the sale of real estate as one of its purposes, as we are urged to do by the Commission, would lead to an irrational result. The statute, which in its second sentence clearly excludes from its operation sales by owners of real estate, would be twisted by construction of its third sentence to include sales by corporate owners of their own real estate. Such a distinction could not have been intended. As we read this statute, the legislature intended that no person, partnership, corporation, or other association requires a license to sell its own property.

The third sentence of § 2211 is best understood by examining its evolution. In its original form, it stated: "All salesmen or solicitors employed by a real estate broker shall be held to be within the meaning and intent of this act." 1931, No. 173, § 2. This wording was later amended to:

> All salesmen or solicitors employed by a real estate broker and all officers, agents, stockholders or other persons engaged in the purchase, sale or conveyance of real estate in behalf of . . . any corporation having as one of its purposes the purchase, sale or conveyance of real estate shall be held to be within the meaning and intent of this chapter.

1969, No. 283 (Adj. Sess.), § 1.

It can be seen from comparison of these two versions that the original sentence was split between the subject and the predicate, and a parallel subject was inserted by use of a conjunction. The original subject was "salesmen . . . employed by a real estate broker"; the inserted parallel subject is "all officers, agents, stockholders or other persons engaged in the . . . sale . . . of real estate in behalf of . . . any corporation having as one of its purposes the . . . sale . . . of real estate . . . ." We conclude that the inserted clause was intended expressly to include within the licensing requirements of the act the officers, agents, stockholders or employees of corporate real estate brokers, engaged in transactions concern-

ing noncorporate property on behalf of the corporate broker. In other words, we construe the words "any corporation having as one of its purposes the . . . sale . . . of real estate" to mean any corporate real estate broker.

We turn now to the second certified question, whether the record supports the Commission's conclusion that the appellant is not qualified for a license under 26 V.S.A. § 2292(c). Although findings of fact of an administrative agency will not be set aside unless clearly erroneous, *In re Young*, 134 Vt. 569, 570, 367 A.2d 665, 666 (1976) (per curiam), conclusions of law are not so protected. It is for this Court to determine whether, as a matter of law, the findings of fact fairly and reasonably support the conclusions of law. See *Dessureau* v. *Maurice Memorials, Inc.*, 132 Vt. 350, 353, 318 A.2d 652, 654 (1974).

In December 1978, appellant decided that to serve Stanmar effectively, it would be necessary for him to engage in resales, and that he would therefore need a real estate broker's license. Accordingly, he applied to the Vermont Real Estate Commission to take the examination for a license. Along with his application form, appellant voluntarily submitted a letter that disclosed in detail his activities with Stanmar. On the basis of the information contained in this letter, plus subsequent investigation, the Commission determined that a hearing was necessary to probe a possible violation of § 2292(c).

The relevant statute, 26 V.S.A. § 2292(c), states: "Licenses may be granted only to persons who are trustworthy, of good character and competent to transact the business of a real estate broker or real estate salesman." At the hearing, the Assistant Attorney General conceded that there is no charge of lack of good character in this case. Therefore, our inquiry focuses on competence and trustworthiness.

"[I]ncompetency embraces habitual carelessness, insufficient technical knowledge, physical inability to discharge the duties properly, or reckless disposition rendering the employee unfit to do the job." *Vermont Real Estate Commission* v. *Martin*, 132 Vt. 309, 316, 318 A.2d 670, 675 (1974). The evidence in this case does not approach this standard; on

the contrary, it tends to show competence. As the Commission itself found:

> Mr. McGrath has worked in the real estate business in various capacities for the past thirty years. He has worked in contracting, construction, development, sales, design, and finance, and he has taken real estate courses at the University level.

In light of this finding, the Commission could not fairly and reasonably have concluded that appellant was incompetent.

Since a conclusion of incompetence is clearly not supported by the findings, the Commission's conclusion must be that appellant lacks trustworthiness. The only ground apparent in the record or findings for such a conclusion is the Commission's contention that appellant acted as a real estate salesman without a license. The simple answer to this is contained in the first part of this opinion: we have determined that appellant did not act as a real estate salesman, and therefore he did not need a license. But this simple answer, although sufficient, masks a more fundamental rationale.

The mere determination, even had it been correct, that a person is acting without a license, is not tantamount to lack of trustworthiness. The conduct which is the basis of the claim of untrustworthiness should ordinarily be judged in light of circumstances and state of mind; there can be no strict liability untrustworthiness like that found by the Commission in this case. We do not deprive a person of his livelihood so easily.

Therefore, the Commission's conclusion that appellant violated 26 V.S.A. § 2292 (c) is not reasonably supported by the record, and must be set aside.

*Certified question number one is answered in the negative. Certified question number two is answered in the negative. Decision vacated. Judgment for the appellant. Mandate to issue forthwith.*