**In re Sheila Diane Rendell-Baker and Peter S. Jennings**

[436 A.2d 739]

No. 189-80

Present: Barney, C.J., Larrow, Billings and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed September 1, 1981

*Richard Johnston King,* Waitsfield, for Plaintiffs.

*John J. Easton, Jr.,* Attorney General, and *Richard M. Finn,* Assistant Attorney General, Montpelier, for Defendant.

Larrow, J. This case is an appeal from a decision of the Vermont Real Estate Commission suspending the appellants' real estate licenses for periods of up to twenty days. The commission found the appellants had demonstrated incompetency and untrustworthiness to act as a real estate broker and salesman within the meaning of 26 V.S.A. § 2296(a). That statute empowers the commission to suspend the license of any real estate broker or salesman for a period set by the commission if the licensee demonstrates untrustworthiness or incompetency to act as a broker or salesman.

The commission found that appellant Rendell-Baker showed a property she was not fully familiar with. By mistake she showed the wrong lot to the complainant. The commission's findings indicate the lot she meant to show adjoined the one she actually showed. In addition the findings indicate that the two lots were indistinguishable because they were both part of an "open, flat, grassy meadow." As a result of Rendell-Baker's mistake the complainant purchased the lot adjoining the one she was shown. This mistake served as the basis for suspending Rendell-Baker's salesman's license.

The commission also suspended the broker's license of Peter S. Jennings, who employed Rendell-Baker. The basis for his suspension was failure to properly supervise Rendell-Baker, in that he permitted her to show a property about which she was not fully knowledgeable.

The evidence presented in respect to these claimed instances of incompetency and untrustworthiness therefore establishes only a single innocent mistake by Rendell-Baker and an isolated instance of lack of supervision by Jennings. The question presented is whether this evidence will justify suspension of their real estate licenses.

■ ■ Although findings of fact by an administrative agency will not be set aside unless clearly erroneous, conclusions of law are not so protected. Whether the findings of fact fairly and reasonably support the conclusions of law is for

this Court to determine. *In re McGrath,* 138 Vt. 77, 82, 411 A.2d 1362, 1365 (1980).

██ This Court has defined "incompetence," as that term is used in Title 26, to mean "habitual carelessness, insufficient technical knowledge, physical inability to discharge the duties properly, or reckless disposition rendering the employee unfit to do the job." *Vermont Real Estate Commission* v. *Martin,* 132 Vt. 309, 316, 318 A.2d 670, 675 (1974). The single innocent mistake of Rendell-Baker and the inaction of Jennings simply do not meet this standard. A single innocent mistake cannot establish habitual carelessness, nor does it on the facts of this case establish insufficient technical knowledge, or a reckless disposition. The mistake, albeit serious, was simply that, a mistake. Jennings' failure to supervise Rendell-Baker stands on a similar footing. Even assuming Jennings had a duty to supervise his salesman, a proposition asserted by the State without citation, the uncontroverted testimony establishes that there had never been a similar occurrence in the past. There is simply no evidence to substantiate a finding of incompetency on the part of Jennings.

██ ██ Conduct which serves as a basis for a finding of untrustworthiness is ordinarily judged in light of the circumstances and the state of mind of the one claimed to be untrustworthy. *In re McGrath, supra,* 138 Vt. at 83, 411 A.2d at 1366. The testimony of the complaining witness and the appellants establishes nothing more than innocent mistakes on the part of the appellants. To hold that untrustworthiness is established in this case would be tantamount to adopting the strict liability standard for determining untrustworthiness we rejected in *McGrath, supra.*

The State makes one final argument. After the mistake was discovered Jennings Real Estate entered into a contract with the complainant whereby Jennings Real Estate promised to either find a buyer for the lot or purchase it itself. The commission found in a summary fashion that Jennings Real Estate failed to do either.

The State's reliance on this finding as a basis for license suspension is inappropriate. The decision of the commission itself negates the possibility that nonperformance of the con-

tract furnished a basis for license suspension. The decision provides: "Peter S. Jennings has demonstrated untrustworthiness and incompetency . . . in that he failed to properly supervise the activity of one of his salesmen . . . ." The absence of any reference to the contract is not without significance. It clearly indicates the commission's decision was not based on nonperformance of the contract.

In addition, the findings do not attribute fault, much less untrustworthiness, to Jennings for nonperformance of the contract. Contracts may not be performed for a multitude of reasons, not all of which indicate untrustworthiness on the part of a nonperforming party.

 Since the commission specifically considered nonperformance of the contract and chose not to use it as a basis for suspending Jennings' license, we can only conclude that the nonperformance does not provide a basis for suspension. We would not be justified in transforming the commission's silence into a determination that the nonperformance of the contract reveals untrustworthiness.

*The decision of the Vermont Real Estate Commission is reversed.*