## In re Burlington Housing Authority Declaratory Ruling #124

[463 A.2d 215]

No. 287-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Costello, D.J., Specially Assigned

Opinion Filed April 21, 1983

*J. M. Farrell Associates*, Burlington, for Plaintiff-Appellant.

*John J. Easton, Jr.*, Attorney General, and *W. Gilbert Livingston*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Hill, J.** The petitioner, Burlington Housing Authority (BHA), appeals from a decision by the Environmental Board (the Board), requiring it to seek an authorization permit pursuant to 10 V.S.A. § 6081(a) prior to building thirty-five units of low income housing. We affirm.

The essential facts are not in dispute. In July of 1980, BHA proposed to construct the units within a five-mile radius of each other in the City of Burlington. Pursuant to its policy of supporting "scattered site" housing, BHA planned to simultaneously build twenty-six units on Riverside Avenue (the Riverside Avenue project), six units on Cayuga Court (the Cayuga Court project), and the remaining three units on Foster Street (the Foster Street project). Once completed, ownership and maintenance of the new units would be retained by BHA. In light of these facts, the Board concluded that BHA's entire thirty-five unit construction proposal constituted a "development" for purposes of Act 250 jurisdiction. 10 V.S.A. § 6001(3). Accordingly, the Board ordered BHA to obtain an authorization permit before commencing construction of the projects.

Petitioner's appeal presents two issues for review: first, whether the Board erred when it concluded that BHA's entire construction proposal was subject to Act 250 jurisdiction; and second, whether the Board's failure to comply with the statutory requirements of 3 V.S.A. § 811 renders the Board's declaratory order invalid.

We note at the outset that BHA never raised below its claim regarding the Board's alleged failure to comply with 3 V.S.A. § 811, a statute requiring the Board in contested cases first to file a "proposal for decision" with adversely affected parties. Therefore, given that we have repeatedly held that issues not raised below, even those having a constitutional

dimension, need not be considered when presented for the first time on appeal, *State v. Patnaude*, 140 Vt. 361, 368, 438 A.2d 402, 404 (1981) (citing *State v. Prue*, 138 Vt. 331, 331–32, 415 A.2d 234, 234 (1980)), we refuse to address this second claim.

With regard to the first issue, BHA contends that the Board committed error when it concluded that an authorization permit was required for the Cayuga Court and Foster Street projects. That is, BHA insists that said projects should not be considered along with the Riverside Avenue project for purposes of determining Act 250's jurisdiction over each of the thirty-five units. Instead, BHA cites our recent decision in *Committee to Save the Bishop's House, Inc. v. Medical Center Hospital of Vermont, Inc.*, 137 Vt. 142, 400 A.2d 1015 (1979), in support of the following proposition: the simultaneous development of two or more housing projects within a five-mile radius of each other, where one project contains more than ten units while the other contains less than ten units, does not necessarily subject the smaller project to Act 250 jurisdiction absent some type of "use relationship" between the two projects. Since, in its view, there is no "use relationship" between the Riverside Avenue project and the Cayuga Court and Foster Street projects, BHA concludes that the latter two projects should not be considered "developments" as defined by 10 V.S.A. § 6001(3) for purposes of Act 250 jurisdiction. We disagree.

BHA's reliance on the *Bishop's House* case is clearly misplaced. In *Bishop's House*, we interpreted that section of the "developments" definition, set forth in 10 V.S.A. § 6001(3), which pertained to the construction of improvements for commercial or industrial purposes. That section is wholly inapplicable to the present case. The pertinent statutory provision governing the construction of new housing projects is the third sentence of 10 V.S.A. § 6001(3), which states as follows:

> The word "development" shall mean the construction of housing projects such as cooperatives, condominiums, or dwellings, . . . with 10 or more units, constructed or maintained on a tract or tracts of land, owned or con-

trolled by a person, within a radius of five miles of any point on any involved land.

This Court has consistently held that when the meaning of a statute is plain and unambiguous on its face, it must be enforced according to its express terms without resort to construction. *Stockwell* v. *District Court,* 143 Vt. 45, 49, 460 A.2d 466, 468 (1983) (citing *Riddel* v. *Department of Employment Security,* 140 Vt. 82, 86, 436 A.2d 1086, 1088 (1981)). Moreover, the Board's application of 10 V.S.A. § 6001(3) to the BHA's proposal is entitled to a presumption of validity:

> On review of the acts or orders of an administrative body, the court will presume, among other things, that the administrative action is correct and that the orders and decisions of the administrative body are valid and reasonable. This presumption in favor of the validity of the administrative determination is . . . a strong one, and clear and convincing evidence is required to overcome it.

*In re Devoid,* 130 Vt. 141, 148, 287 A.2d 573, 577 (1972) (citation omitted).

In this case, BHA concedes that it is planning to construct several housing projects, consisting in the aggregate of thirty-five units, on separate tracts of land. In addition, BHA will be the sole owner and controller of the new units, and each parcel of land which BHA has chosen to involve in its proposal is situated within five miles of each other. Simply put, BHA's proposal to construct thirty-five new units of low income housing falls squarely within the definition of "development" as set forth in 10 V.S.A. § 6001(3). Hence, the Board's order requiring BHA to obtain an authorization permit prior to building the thirty-five units was proper.

*Judgment affirmed.*