Alan M. Solomon v. Design Development, Inc. and Andrew B. Shapiro v. Bruce J. Levinsky v. Alan M. Solomon, Design Development, Inc. and Andrew B. Shapiro

[465 A.2d 234]

No. 243-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 7, 1983

*Gaston & Durrance,* Montpelier, for Defendants-Appellants.

*John M. Kilmurry*, Montpelier, for Defendant-Appellee.

**Peck, J.** This is an appeal by Andrew B. Shapiro and Design Development, Inc., hereinafter referred to collectively as DDI, from a judgment order of the Washington Superior Court awarding Bruce J. Levinsky a total of $30,320.80. This sum represents the difference between the fair market value of a parcel of land and its option price, a return of deposit money, costs and interest. These several actions had their inception in a series of negotiations and agreements relating to the purchase and sale of two parcels of land in Warren, Vermont. We reverse and remand.

We have before us a complex maze of facts; several issues have been briefed and argued. Nevertheless, because we dispose of the case on the basis of a single issue, we are able to cut through the Gordian knot of facts by limiting a statement of the particulars to those which bear on that issue. The question to be resolved is the effect of an agent's knowledge on the rights of his principal.

On June 30, 1976, DDI signed an agreement granting Levinsky an option to purchase a 2.5-acre parcel of land in the Town of Warren. The agreement also granted Levinsky a right of first refusal to an adjoining 4.8-acre parcel. This agreement was conditioned upon Levinsky exercising the right of refusal within fourteen days of his receipt of an executed purchase and sale agreement for the 4.8 acres between DDI and a bona fide third party purchaser. The price to be paid by Levinsky for the 4.8 acre parcel was to be the same as the price agreed to by the third party.

Looking towards such a third party agreement, DDI commenced negotiations with an area real estate broker. During the initial discussions, DDI believed the broker was acting on his own behalf. Nevertheless, whatever the broker's initial interests, it became clear thereafter that he was acting as agent for Alan M. Solomon, a Connecticut attorney with a considerable interest in real estate development.

The agency relationship of the broker to Solomon was vigorously disputed, and the court's finding on the issue is somewhat casual in view of its possible significance. However, the finding was made. The court stated: "[A]t no time has [DDI] effectively returned Mr. Solomon's $500.00 deposit which was

tendered through Mr. Solomon's then agent, [the broker]." Moreover, the evidence supporting the agency relationship is overwhelming to a point where it would seem difficult to conclude otherwise. For example, Solomon was introduced to Shapiro by the broker, and the latter paid the deposit from his own account on behalf of Solomon.

The court found, and it was not disputed, that the purchase and sale agreement between DDI and Solomon did not contain any reference to the outstanding right of first refusal held by Levinsky.

At this point the bubbling cauldron, which obviously contained all of the ingredients for trouble, boiled over: both Levinsky and Solomon insisted on their rights to the parcel by virtue of their respective agreements with DDI. Legal action was inevitable in the face of the impasse, and the several proceedings which give the case before us its title were instituted.

It would serve no purpose to review at length here the origin of the counterclaims and third party actions which made up the totality of the controversy. At one point, in what he later claimed was an attempt to mitigate his damages, Levinsky purchased Solomon's rights to the property for $11,500. Solomon was now personally out of the case, and his rights vested in Levinsky by virtue of the subrogation. Nevertheless, any legal consequences resulting from Solomon's relationship with the broker as his agent passed to Levinsky.

■■ The court below found that Solomon had no actual or constructive knowledge of Levinsky's right of first refusal. Ordinarily we are bound by a finding of a lower court if there is credible evidence to support it, and that is so regardless of other evidence to the contrary. *Concra Corp.* v. *Andrus,* 141 Vt. 169, 173, 446 A.2d 363, 365 (1982). We will set aside findings only if they are clearly erroneous. *Id.;* V.R.C.P. 52. In the case before us, however, we find that the constructive notice portion of the finding is clearly erroneous, and it must be set aside.

■■ The court made an adequately supported finding of an agency relationship between the broker and Solomon, and the evidence is clear and uncontroverted that the broker-agent

knew of Levinsky's right of first refusal. That knowledge must be imputed to the principal, Solomon, since, as a general rule, notice to an agent is notice to the principal. *Curtis, Collins & Holbrook Co.* v. *United States,* 262 U.S. 215, 222 (1923) ; *Vinton* v. *Atlas Assurance Co.,* 107 Vt. 272, 278, 178 A. 909, 912 (1935) ; *Flynn* v. *Wallace,* 359 Mass. 711, 717, 270 N.E.2d 919, 923 (1971). This is true regardless of whether the agent actually communicated his knowledge to Solomon. *Bank of Louisiana* v. *Argonaut Insurance Co.,* 248 So. 2d 349 (La. Ct. App. 1971) ; see also cases cited in 3 Am. Jur. 2d *Agency* § 273. To the extent that the trial court found that Solomon had no constructive notice or imputed knowledge of Levinsky's right of first refusal, it was wrong as a matter of law.

 Levinsky's claim that he spent $11,500 to purchase Solomon's interests in order to mitigate his damages is flawed. Levinsky had a superior and enforceable right throughout the course of this entire transaction; accordingly, Shapiro and DDI were never in breach of contract. Absent a breach, the doctrine of mitigation of damages is inapplicable. Therefore, Levinsky may not recover from Shapiro and DDI the amount he spent to purchase Solomon's interest in the property.

Because of the subrogation agreement, Levinsky succeeded to all of Solomon's interests in this suit. Levinsky is now entitled to receive only the sum of five hundred dollars paid as a deposit by Solomon to DDI and Shapiro.

*Reversed and remanded for entry of judgment that Bruce J. Levinsky recover the sum of five hundred dollars from defendants Design Development, Inc. and Andrew B. Shapiro. Parties to bear their own costs.*