### Sarah Munro-Dorsey v. Department of Social Welfare
[481 A.2d 1055]
No. 83-377
Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.
Opinion Filed August 3, 1984

*John McCullough,* Vermont Legal Aid, Inc., Montpelier, for Plaintiff-Appellee.

*John J. Easton, Jr.,* Attorney General, Montpelier, and *Geoffrey A. Yudien,* Assistant Attorney General, Waterbury, for Defendant-Appellant.

**Per Curiam.** The Department of Social Welfare appeals from an order of the Human Services Board reversing the Department's decision to terminate plaintiff's benefits under the Aid to Needy Families with Children (ANFC) program. We affirm the order of the Board.

The ANFC program is Vermont's embodiment of the federal Aid to Families with Dependent Children (AFDC) program. In order to participate in the federal program and receive the available federal assistance, the state must administer its own program in a manner that comports with controlling federal laws, statutes and regulations. *Lavigne* v. *Department of Social Welfare,* 139 Vt. 114, 116, 423 A.2d 842, 843 (1980). To qualify for ANFC benefits plaintiff must show she has a needy child who has been deprived of parental support or care by reason of continued absence of a parent from the home. 42 U.S.C. § 606 (a) ; 33 V.S.A. § 2701; 45 C.F.R. § 233.90 (c) (i).

In this case, plaintiff and her husband have separated, and their daughter, age four at the time of hearing, spends one week alternately with each parent. Both parents are unemployed, although plaintiff receives some income from an arts and crafts business she operates from her home. The parties agree that the child is in need ; they disagree as to whether the Board erred when it concluded the father is an absent parent within the meaning of the law.

Federal regulations provide the following guidance on the absent-parent issue :

> (iii) *Continued absence of the parent from the home.* Continued absence of the parent from the home constitutes the reason for deprivation of parental support or care when the parent is out of the home, the nature of the absence is such as either to interrupt or to terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child, and the known or indefinite duration of the absence precludes counting on the parent's performance of the function of planning for the present support or care of the child. . . .

45 C.F.R. § 233.90 (c) (iii).

State regulations closely trace their federal counterparts :

Continued absence of a parent refers to physical absence of a parent from the home for one of the following reasons, the nature of which interrupts or terminates the parent's functioning as a provider of maintenance, physical care or guidance for the child:

. . . .

3. Informal separation of parents without benefit of legal action . . . .

Welfare Assistance Manual (W.A.M.) § 2331.

The Board found that, although the child spends about equal time with each parent, her primary home is with the plaintiff, who provides most of her food, clothing and financial support as well as space where the child keeps all of her belongings. The child packs a suitcase when she goes to spend a week with her father, and while there, she sleeps in the living room. From time to time, plaintiff sends food for the child while she is with her father. The Board concluded that, under the present circumstances, the child's father is an absent parent within the meaning of W.A.M. § 2331 and that his absence interrupts his ability to provide physical care and guidance for the child. For this reason, it reversed the decision of the Department terminating ANFC benefits to plaintiff and her daughter.

■■ Findings of fact of an administrative agency will not be set aside unless clearly erroneous, *In re Agency of Administration, State Buildings Division,* 141 Vt. 68, 75, 444 A.2d 1349, 1352 (1982), and, where warranted by the evidence, are conclusively binding on this Court. *Id.* at 74, 444 A.2d at 1351. It is clear from the record that the evidence supports the findings of the Board; since the findings fairly and reasonably support the conclusions reached by the Board, the conclusions must stand. *In re McGrath,* 138 Vt. 77, 82, 411 A.2d 1362, 1365 (1980); *Dessureau* v. *Maurice Memorials, Inc.,* 132 Vt. 350, 353, 318 A.2d 652, 654 (1974).

*Affirmed.*