### In re Marjorie Johnston d/b/a Johnny's Bennington

[488 A.2d 750]

No. 83-312

Present: Hill, Underwood, Peck and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed January 4, 1985

Motion for Reargument Denied January 28, 1985

319

*John J. Easton, Jr.*, Attorney General, and *William Griffin*, Chief Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Gabor Rona*, Montpelier, for Defendant-Appellant, and *Marjorie W. Johnston*, pro se, Bennington.

**Peck, J.** Marjorie Johnston (licensee) appeals from an order of the Vermont State Liquor Control Board (Board) revoking her first and third class licenses. Licensee was charged by the Vermont Department of Liquor Control with a violation of the Board's General Regulation 12,[1] which prohibits the furnish-

---

[1] General Regulation 12 provides: no alcoholic liquor shall be sold or furnished by a licensee to a person under eighteen years of age, nor shall

ing or sale of alcoholic liquor to a person under the age of eighteen. Licensee raises three claims of error for our review. First, she argues the revocation was improper because it was based on hearsay; second, she claims the evidence does not support either the Board's decision or the severity of the punishment; third, she asks this Court to order that a lesser penalty be imposed. We disagree with licensee's position on the issues, and affirm.

Viewing the evidence in the light most favorable to the prevailing party, *Vermont National Bank* v. *Chittenden Trust Co.*, 143 Vt. 257, 259, 465 A.2d 284, 286 (1983), the following facts are disclosed by the record. At approximately 9:00 p.m. on March 10, 1983, a seventeen year old girl (minor) entered licensee's Bennington establishment, a restaurant and lounge known as Johnny's. The minor ordered, and licensee's bartender served her, four mixed drinks which contained an alcoholic liqueur. At approximately 9:45 p.m. she left Johnny's driving her boyfriend's truck to visit him at his place of employment. The minor returned to licensee's establishment on foot at about 10:30 p.m., stopping en route at her home, to tell her foster mother where she was going. Upon her return to Johnny's, the minor ordered and was served two more of the same mixed drinks. Her foster mother appeared at that point, sent her home, and subsequently reported the matter to the Bennington police. The police, in turn, reported the information to the Vermont Department of Liquor Control. Following an investigation by the Department, the licensee was charged with violating General Regulation 12.

At the hearing before the Board, both the minor and her foster mother testified that the minor was born on November 15, 1965, and was, therefore, under eighteen years of age at the time she entered the licensee's establishment on March 10, 1983. There was no objection to, or motion to strike this testimony on the basis of hearsay, although on cross-examination licensee's counsel questioned both the minor and her foster mother about the source of their knowledge of the minor's birth date and age. The minor testified she could not prove her date of birth without telephoning one of her natural

---

a licensee permit alcoholic liquor to be consumed upon his licensed premises by a person under eighteen years of age.

parents, who are divorced and living in Connecticut. Her foster mother testified she knew the minor's date of birth from a conversation with the minor's social worker.

At the close of the hearing, the Board concluded that the licensee had violated General Regulation 12. The Board also noted that the licensee had, in the past, been found guilty of violating Board regulations including one previous violation of General Regulation 12. Citing "the licensee's continual violation" of regulations, the Board issued its revocation order.

## I.

■ Licensee first challenges as hearsay the testimony relating to the minor's age. However, under the Rules of Evidence,[2] error may not be predicated upon a ruling admitting evidence unless a substantial right of a party is affected *and* a timely objection or motion to strike appears of record. V.R.E. 103 (a) (1). In the instant case, there was no objection to, or motion to strike the testimony regarding the minor's age which licensee now challenges as hearsay. Moreover, in his closing statement to the Board, licensee's counsel referred to the minor as "this seventeen year old girl."

■ In the light of licensee's failure to object or move to strike the testimony, and her counsel's recognition of the minor's age as seventeen, we do not address directly the propriety of its admission under 3 V.S.A. § 810 or V.R.E. 103, nor is it necessary to discuss the proper manner for proving age. Issues not raised below will not ordinarily be considered when presented for the first time on appeal. *In re Burlington Housing Authority*, 143 Vt. 80, 81–82, 463 A.2d 215, 217 (1983). The licensee failed to raise the issue below and is therefore precluded from raising it on appeal.

## II.

■■ In appeals from the actions of administrative agencies we have applied a deferential standard of review to claims

---

[2] The hearing below qualified as a "contested case" (3 V.S.A. § 801 (b) (2) and 7 V.S.A. § 236); accordingly, the Rules of Evidence as applied in civil cases applied to the hearing, with the exceptions set forth in 3 V.S.A. § 810.

of insufficiency of evidence. Absent a clear and convincing showing to the contrary, decisions made within the expertise of such agencies are presumed correct, valid and reasonable. *State of Vermont Department of Taxes* v. *Tri-State Industrial Laundries, Inc.,* 138 Vt. 292, 294, 415 A.2d 216, 218 (1980). The revocation decision here was clearly within the Board's area of expertise. 7 V.S.A. § 236. We hold that licensee has failed to make the clear and convincing showing necessary to overcome the presumption of validity. Our review is limited to whether, on the record developed before the Board, there is any reasonable basis for the Board's actions. *State of Vermont Department of Taxes, supra,* at 294–95, 415 A.2d at 218–19.

As discussed above, the Board heard testimony that the minor was seventeen years old on the night she visited licensee's establishment. In the absence of any objection, the Board properly considered testimony of the minor and of her foster mother and, based on the evidence, could properly conclude that the minor was seventeen.

The Board also heard evidence that the minor ordered the mixed drinks containing alcohol and watched licensee's bartender make the drinks and serve them. The foster mother also testified without objection that her daughter told her she had several drinks containing alcohol. Further, the foster mother indicated she was "familiar with different drinks" and "from the looks of the drinks" she concluded her foster daughter was consuming alcoholic beverages.

■ On appeal licensee points to various aspects of the State's evidence which bear on the credibility of the evidence. She questions whether the 110-pound minor could have consumed six mixed drinks and still, as the foster mother testified, have acted in a quiet and rational manner. Licensee also attacks the believability of the minor's testimony that, after having been served four mixed drinks, she drove her friend's truck one mile to his place of employment. Essentially, licensee's argument is an attack on the credibility of the witnesses which, we have held, is a matter for the trier of fact to judge. *Hall* v. *Miller,* 143 Vt. 135, 145, 465 A.2d 222, 227 (1983). No persuasive reason appears requiring a departure from that criterion in the case before us.

Licensee also criticizes the Board's finding that the foster mother recognized the drink from her experience as a bartender. It is true, as licensee points out, that there is no indication on the record that the foster mother had any such experience; this finding was, therefore, not supported and was invalid. Nevertheless, regardless of this discrepancy between the findings and the evidence, there was other and ample credible evidence presented to support the valid findings; they are not clearly erroneous, and accordingly they are binding on this Court. *Solomon* v. *Design Development, Inc.*, 143 Vt. 128, 130, 465 A.2d 234, 236 (1983). Further, the adequacy of conclusions of law is for this Court to determine. *In re Rendell-Baker*, 140 Vt. 110, 112–13, 436 A.2d 739, 740–41 (1981). In the instant case we hold the conclusion of law, that licensee violated General Regulation 12, was fairly and reasonably supported by the valid findings.

### III.

Finally, licensee asks this Court to order the Board to impose a lesser penalty. Under Title 7 V.S.A. § 236 the Liquor Control Board is granted the power to revoke any license granted pursuant to Title 7. To win reversal of the revocation order, a matter committed to the discretion of the Board, licensee must show an abuse of discretion which caused prejudice. *Town of Sheldon* v. *Central Vermont Railway*, 141 Vt. 477, 480, 449 A.2d 976, 978 (1982); *Finkle* v. *Town of Rochester*, 140 Vt. 287, 289, 438 A.2d 390, 392 (1981). Licensee fails to make any such showing.

In support of her plea for a reduced penalty, the licensee urges that a short period of suspension would be in keeping with punishments ordered in like cases, and more consistent with the nature of this particular violation given that the minor was over seventeen years of age at the time. Again, that is a matter which lies within the discretionary powers of the Board. This was not the licensee's first violation of Board regulations. She has not demonstrated an abuse of discretion, and we find none.

*Affirmed.*