# CONNECTICUT AND PASSUMPSIC RIVERS R. R. CO. v. TOWN OF ST. JOHNSBURY.

*Power of Town to lay Highway at Grade across Railroad. Act of 1886, No. 20, Effect of, on Pending Suit.*

Prior to the Act of 1886, No. 20, the selectmen or the County Court had no authority to establish a highway at grade across a railroad track; but while this case was pending on appeal in the County Court, having been remanded from the Supreme Court, said act was passed, which authorized the laying of a highway at grade; *Held*, as the act gave no original jurisdiction, and as the jurisdiction of the County Court was merely appellate, that it had in this case no power to establish such highway; and that proceedings must be commenced *de novo*.

PROCEEDINGS for the laying of highway across a railroad at grade. Hearing on the mandate from the Supreme Court, December Term, 1886, POWERS, J., presiding. The court held that it could in this case lay out and establish a highway across the petitioner's railroad tracks at grade; and referred the cause to commissioners to report whether the highway should be laid out and established; and if so, whether the same should be laid over, under or across said railroad. Exceptions by the petitioner. The mandate from the Supreme Court was: "Adjudged that County Court had no jurisdiction to establish a

highway across the railroad of the petitioner at grade with the track. Judgment reversed, and cause remanded for proceedings subject to said limitation." This case originally came into the County Court on the petition of said railroad company, complaining of the action of the selectmen in laying a highway across the railroad track.

Act No. 20 of the Session Laws of 1886, was approved November 24, 1886.

*Ide & Stafford*, for the defendant.

The case would not have been remanded unless further action by the County Court was proper. If the plaintiff's contention is correct, the Supreme Court would have quashed the proceedings. *Wires* v. *Farr*, 24 Vt. 645; *Bank* v. *Richards*, 35 Vt. 281. The Supreme Court will render final judgment in highway cases unless the case is to be proceeded with in the court below. *French* v. *Barre*, 58 Vt. 567; *Platt* v *Burlington*, 58 Vt. 608; *Brock* v. *Barnet*, 57 Vt. 172; *Hogaboon* v. *Highgate*, 55 Vt. 412; *Penniman* v. *St. Johnsbury*, 54 Vt. 306. When final judgment has not been rendered in this court, it was the plain intent that further proceedings were necessary in the County Court. *Lumber Co.* v. *Colchester*, 57 Vt. 541; *Gray* v. *Middletown*, 56 Vt. 53; *Sharon* v. *Strafford*, 56 Vt. 421; 52 Vt. 412. The judgment of the court below will not be disturbed unless manifest injustice has been done. *French* v. *Barre*, *supra*; *Chase* v. *Rutland*, 47 Vt. 393; *Londonderry* v. *Peru*, 45 Vt. 424. The ruling of the County Court was correct. No formal pleadings are necessary. *Crawford* v. *Rutland*, 52 Vt. 412. These proceedings are to be administered in a practical manner, and for the best interest of the public. *Ferguson* v. *Sheffield*, 52 Vt. 77. After the first trial the power of the court was enlarged by Act No. 20, Acts of 1886. It must decide on the facts and the law as they were when the decision was made. When the court is called upon to establish a highway, it must act according to the terms of the statute in force at the time of its action. *Drown* v.

*Sutton*, Gen. Term, 1883, from Caledonia County; *Danforth* v. *Smith*, 23 Vt. 253; Cooley Con. Lim. 371; *Hepburn* v. *Curtis*, 7 Watts, 300. . A case must be determined on the law as it stands when the judgment is rendered. 16 S. & R. 169; *Watson* v. *Mercer*, 8 Pet. 88; *Mather* v. *Chapman*, 6 Conn. 54; Cooley Con. Lim. 381. So if a case is appealed, and the law is changed, the appellate court must decide according to the law in force when the decision is rendered. *State* v. *Norwood*, 12 Md. 195; Cooley Con. Lim. 381, 389, 500; *Freeborn* v. *Smith*, 2 Wall. 161; *R. R. Co.* v. *Nesbit*, 10 How. 395; 7 Pet. 234.

*Edwards, Dickerman & Young*, for the plaintiff.

It is a principle of universal jurisprudence that laws must be prospective, and cannot have a retrospective effect. KENT, J., in *Dash* v. *Van Kleeck*, 7 Johns. 477; *Bates* v. *Kimball*, 2 Chip. 77. Prior to the enactment of the statute in November, 1886, this court held in this case—58 Vt. 234—that neither the selectmen nor the County Court had authority to lay a highway across the plaintiff's track at grade. The legislature has no power to set aside a judgment of this court; or by special statute to grant one an appeal who had allowed his time for taking an appeal to expire. *Bates* v. *Kimball, supra.* Law is a rule of civil conduct prescribed. 1 Bl. Com. 44. The very essence of a new law is, that it is a rule for future cases. STORY, J., 2 Gall. 136. A statute cannot affect a suit commenced before the statute was passed; otherwise vested rights could be taken away and an innocent party endamaged in payment of costs. *Ogden* v. *Blackledge*, 2 Cranch, 272; *Calder* v. *Bull*, 3 Dallas, 386.

It would manifestly be unjust to thus defeat a suit already commenced upon a right already vested. *Beadleston* v. *Sprague*, 6 Johns. 101. In *Couch* v. *Jeffries*, 4 Burr. 2463, a *qui tam* suit for a penalty, Lord MANSFIELD said: "It can never be the true construction of this act to take away this vested right and punish the innocent pursuer of it with costs."

The case ought to be decided precisely as if the Act of 1886 had not been passed. *Dash* v. *Van Kleeck, supra; Kent* v. *Wallingford*, 42 Vt. 651. It was held by this court, in *Stamford* v. *Barry*, 1 Aik. 314, that the legislature had not the constitutional power to pass an act authorizing the Probate Court to renew a commission for the allowance of claims upon the estate of a deceased person, after the expiration of the time limited by the general law for such renewal. It was also held in *Hill* v. *Sunderland*, 3 Vt. 507, that the section of the statute of 1828, allowing an appeal from the decision of road commissioners, made before the passing of the statute, was unconstitutional, as to damages and costs. The plaintiff's rights were preserved to him by section 28, R. L. See *Harris* v. *Townshend*, 56 Vt. 716; *State* v. *Leicester*, 33 Vt. 653; *State* v. *Williston*, 31 Vt. 153. In laying out highways the County Court is an appellate tribunal. *French* v. *Holt*, 53 Vt. 364; 24 Vt. 176. *See* 14 Vt. 279; *Briggs* v. *Hubbard*, 19 Vt. 86.

The opinion of the court was delivered by

TAFT, J. The selectmen of the defendant town laid out a highway across the petitioner's track at grade; the petitioner took an appeal to the County Court; commissioners were appointed, who reported in favor of laying out the highway at grade with the track, and the highway was so established. The petitioner brought the cause to this court, and it was held that neither the selectmen nor the County Court could establish a highway across a railroad track at grade with the track, and remanded the cause for proceedings subject to said limitation. *Central Vt. R. R. Co.* v. *Royalton*, and this case. 58 Vt. 234. Subsequently to such ruling the legislature enacted a law authorizing the laying of highways across railroad tracks at grade. Act No. 20, Session Laws, 1886. Under this statute the County Court held that in this case a highway may be established at grade with the track, and this holding is the question now before us for revision. Was it error or not? In highway cases

of this character the jurisdiction of the County Court is appellate only. The question of whether a highway should or should not be laid out, must first be acted upon by the selectmen of the town; and in no case can the County Court acquire jurisdiction until such action is had. At the time the selectmen acted and established the highway at grade, they had no jurisdiction in the matter, and could not legally act therein, *i. e.*, in laying out the highway at grade. The selectmen having, at the time the highway was laid out, no jurisdiction nor power to so establish it, it follows that the County Court acquired none by the appeal. The Act of 1886, referred to, gives it no original jurisdiction. If a road is to be established at grade proceedings must be begun *de novo*. The action of the County Court was erroneous.

Judgment reversed, and cause remanded to be proceeded with as directed by the mandate from the General Term, 1886.