CENTRAL VERMONT RAILWAY, INC. *v.* J. A. HANLEY ET AL.

November Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 7, 1941.

*Horace H. Powers* for plaintiff-appellant.

*H. A. Bailey* for defendant-appellee.

JEFFORDS, J.   This is a petition appealing to the Chittenden County Court from the action of the named defendant and two others as selectmen of the Town of Essex in laying out a public highway in that town which would cross plaintiff's tracks at

grade. There are two grounds for the appeal, the second of which is the only one in issue here and is as follows:

"That the said selectmen had no jurisdiction or legal authority to lay out and establish a public highway across appellant's tracks at grade without first having obtained the approval of the Public Service Commission of Vermont."

The plaintiff filed a motion, based on the above jurisdictional ground, that the proceedings of the selectmen be dismissed and the appeal sustained. Hearing was had on this motion. The motion was overruled, exceptions allowed to the plaintiff and the case passed to this Court for review before final judgment on the matters raised by the first ground of the appeal.

The answer to the question here presented depends upon the force and effect, if any, to be given to P. L. 6228 which reads as follows:

"When a turnpike or other way is laid out after the laying out and constructing a railroad, so as to cross such railroad, the turnpike or other way may pass over, under or across the railroad, and shall be so built as not to obstruct or injure it; but, in case the turnpike or other way is laid out to cross the railroad at grade, the commission, on application of the parties owning or operating the railroad, shall, upon notice and hearing, determine whether such crossing ought to be at grade; and if the commission determines that the crossing ought not to be at grade, it shall be constructed over or under the railroad."

The position of the defendants is, in effect, that pursuant to the authority conferred upon selectmen by chapter 202 of the Public Laws to lay out roads in their towns they have authority acting for their town to determine whether and where a road shall be laid out and if such road crosses railroad tracks P. L. 6228 gives them the right to lay it at grade over the same, subject to the power of the public service commission on application made as provided in that section to determine whether such crossing should be at grade or over or under the railroad. The plaintiff does not seriously question that sec. 6228 gives to the

defendants the right claimed by them nor could it successfully maintain otherwise in face of the language of the statute and the holdings in the cases to which we shall refer later. It says in substance that this section has been impliedly repealed in so far at least as the subject matter of this case is concerned and that the statutes so repealing it have given to the public service commission complete jurisdiction over all matters affecting crossings at grade making it necessary for the defendants to obtain the approval of the commission before laying out the road over the tracks in the manner here described.

Repeals by implication are not favored. *Town of Hartland* v. *Damon's Estate*, 103 Vt. 519, 528, 156 Atl. 518, and cases cited therein. But there may be such a repeal in one of two situations: (1) When the acts are so far repugnant that they cannot stand together. (2) When, though not repugnant, the later act covers the whole subject of the former and plainly shows that it was intended as a substitute therefor. *In re Turner*, 92 Vt. 210, 215, 102 Atl. 943; *Town of Hartland* v. *Damon's Estate, supra*. And where the question is whether the later is a substitute for the first, the intent of the Legislature is a material element for consideration. *Town of Hartland* v. *Damon's Estate, supra*.

In order to determine the issue before us it is necessary to review the history of the acts in question and others here pertinent. P. L. 6228 as originally passed provided that a turnpike road or other way, laid out to cross an existing railroad might be so made as to pass "under or over it." Acts of 1849, No. 41, Sec. 26, *Libby* v. *C. P. Ry. Co. et al*, 82 Vt. 316, 319, 73 Atl. 593. This statute appears in the Compiled Statutes of 1850 in Chapter 26, entitled "Railroads" and in the General Statutes of 1863 in Chapter 28, "Railroads and Railroad Commissioners," and in Sec. 3381 of Chapter 157 of title 25, "Railroads," of the Revised Laws of 1880.

In the case of *Central Vt. R. R. Co.* v. *Royalton*, 58 Vt. 234, 4 Atl. 868, decided at the October Term, 1885, the above act was under consideration. It was held that this statute deprived towns of the right to construct crossings at grade over a railroad. See *Conn. & Pass. Rivers R. Co.* v. *St. Johnsbury*, 59 Vt. 320, 323, 10 Atl. 573.

Subsequently to the ruling in the *Royalton* case the Leg-

islature enacted No. 20 of the Laws of 1886 which amended R. L. Sec. 3381. Section one of this later act is substantially the same as P. L. 6228. The only material change is that the application referred to in the latter statute was originally set to the board of railroad commissioners and so continued until 1908 when by section one of No. 116 of the acts of that year the name of this board was changed to "public service commission" which commission was substituted for and took over the duties and powers theretofore conferred upon the board of railroad commissioners by the various statutes.

■ Section two of said No. 20 is the same as P. L. 6229 except in the name of the board to which application may be made as heretofore noted. P. L. 6229 reads as follows:

> "The application to the commission, provided in the preceding section, may be made at any time before the expiration of the time fixed in the order laying the turnpike or way for beginning work thereon."

By No. 23 of the Acts of 1886 a board of three railroad commissioners was created, there being only one such commissioner theretofore. This board was continued until 1908 as before stated.

No. 20 of the Acts of 1886 appears in chapter 169 of title 26, "Railroads," of the Vermont Statutes of 1894, and in chapter 191 of title 26, "Railroads," of the Public Statutes of 1906, and in chapter 220 of title 27, "Railroads," of the General Laws of 1917, and finally in the Public Laws of 1933, chapter 254, sec. 6228, in title 28, "Department of Public Service," under part II of the same entitled "Railroads."

■ In *Conn. & Pass. Rivers Co.* v. *St. Johnsbury, supra,* it was stated that the said act of 1886, authorized the laying of highways across railroad tracks at a grade. *Libby* v. *C. P. Ry. Co. et al., supra,* also holds that this act gave towns the before mentioned authority.

The statutes which the plaintiff claims impliedly repeal sec. 6228 are sec. 6344, chapter 256 of the Public Laws as amended by No. 169 of the Acts of 1937 and sec. 6079, chapter 249 of the same. Both of these acts were passed in 1906 as a part of legislation giving extensive jurisdiction over existing highway cross-

430

ings to the board of railroad commissioners. *Libby* v. *C. P. Ry. Co. et al., supra.* The former appears in sec. 1 of No. 125 of the Acts of 1906 and the latter in sec. 23 of No. 126.

P. L. 6344 reads as follows:

"The selectmen of a town within which a public highway crosses or is crossed by a railroad, or the general manager or attorney of a railroad corporation whose road crosses or is crossed by a public highway, may bring their petition in writing to the public service commission, alleging that public safety requires an alteration in such crossing, its approaches, the method of crossing, the location of the public highway, the closing of a public highway crossing and the substitution of another therefor, not at grade, or the removal of obstructions to the sight at such crossing, and praying that the same may be ordered, or such proceedings may be instituted by the commission of its own motion and without petition; and thereupon the commission shall appoint a time and place for hearing the petition on notice of not less than ten days to the petitioners, the corporation, the municipality in which such crossing is situated, the owners of the land adjoining such crossing, and adjoining that part of the highway to be changed in grade, and to the attorney general, who shall, by himself or through the state's attorney of the county wherein the crossing is located, represent the interests of the state at such hearing; and, after such notice and hearing, the commission shall determine what alterations, changes or removals, if any, shall be made and by whom."

▮ The only amendments of any consequence to this act from the time of its passage to its appearance in the Public Laws were the transference of jurisdiction from the railroad commissioners to the public service commission in 1908 and by granting to the commission the right to institute on its own motion the proceedings authorized by petition. No. 92 of the Acts of 1923. The amendment of 1937 adds "the elimination of such crossing" to the other matters for determination of the commission.

That portion of P. L. 6079 upon which the plaintiff relies is as follows:

"The [public service] commission shall have jurisdiction on due notice to hear, determine, render judgment, and make orders and decrees in all matters provided for in the charter of any railroad corporation, or in the statutes of this state relating to railroads, and shall have like jurisdiction in all matters respecting:
* * *
II. All highway grade crossings and signs, signals, gates or flagmen at the same; * * *"

The last sentence in this section is:

"Provided that nothing in this section shall be construed as affecting special provisions of law relating to anything herein contained."

██ The only amendment here material since the original enactment was the transference of jurisdiction from the board of railroad commissioners to the public service commission.

The plaintiff in its brief apparently does not claim that the statutes upon which it relies are so far repugnant to P. L. 6228 that they cannot stand together and a comparison of these statutes shows no such repugnancy.

The plaintiff does claim that the case here comes within class two as set forth in the *Turner* case, *supra*. In support of its contention that the intention of the Legislature is plainly indicated to substitute the acts originally passed in 1906 for that passed in 1886 it refers to the great change in the nature and density of highway traffic between the years in question. It says that because of this the Legislature in 1906 intended to give the railroad commission complete jurisdiction over all matters relating to crossings at grade so that such matters could be determined by a qualified tribunal. It shows that no question is made but that the railroad commission and now the public service commission has the sole jurisdiction on the question of eliminating such crossings and can so eliminate on its own motion. It argues that it is absurd to say that sole jurisdiction exists in such body to elimi-

nate but not to create, because by such a holding the power to eliminate would be virtually annulled and the funds required by P. L. 6349 to be spent annually in the removal of such crossings would be wasted. It illustrates this last contention by stating that if the defendants are correct in their claim then if the commission orders the removal of a crossing at grade and it is so removed the selectmen of the town in which such crossing is located can at once reestablish the same and that this procedure could go on indefinitely. It says in short that the failure to expressly repeal or modify the act of 1886 by the Legislature in 1906 or since that time has been due to inadvertence and not design.

We will now proceed to ascertain whether or not the Legislature did intend a substitution as claimed by the plaintiff. At the outset certain language in the opinion in *Central Vt. R. R. Co.* v. *Royalton, supra,* should be noted. The Court recognizes the danger of grade crossings and states that such should not be increased until regulations concerning them are provided. In the course of this opinion Veasey, J. says:

> "It would seem that there ought to be provision for laying and building highways across railroads at the same level, under proper regulations and restrictions, but not without them. * * * If it is desirable to change the statute the time is not distant when it may be done, and under such regulations as will protect all interests, and especially the safety of the travelling public."

■ As before noted, at the first session of the Legislature after the above opinion was handed down No. 20 of the Acts of 1886 was passed and in it was given the right of application to the railroad commissioners in case the crossing in question was to be laid at grade. No such provision was made in the original act of 1849 nor in any amendment thereto prior to 1886. Thus it would appear that the Legislature of 1886 recognized the need of crossings at grade subject to the proper regulations as suggested by Judge Veazey and carried out his suggestions in a manner which at that time seemed the proper one.

■ As has already appeared the original act of 1849 was, in the first revision after its passage, placed in a chapter covering

the general railroad law. This same procedure was followed from time to time in the various revisions before and after 1886 down to and including the Public Laws. It was never included in any revision as a part of the general highway law as indicated by the plaintiff and has come down through the years since 1886 without any change material to the question here. This certainly is some indication of the intention of the Legislature to keep this act in force as a part of the general railroad law of this state.

Nor can it be said that P. L. 6344 covers the whole subject of P. L. 6228. They both relate to the general subject matter of grade crossings but the former embraces matters relating only to the elimination of, or changes in, such existing crossings while the latter has to do with the creation of new crossings over a railroad.

An examination of P. L. 6079 shows that while under it the public service commission is given general jurisdiction over grade crossings no intention is disclosed to give it *sole* jurisdiction over the same. This conclusion is aided by the wording of the last sentence in this section of the Public Laws heretofore set forth.

It should also be noted that no method of procedure is specifically set forth in the sections relied upon by the plaintiff for bringing before the commission, matters relating to the establishment of crossings. Such procedure is so set forth in sec. 6228 and is further elaborated upon in sec. 6229. If it should be held that 6228 has been repealed then 6229 would have no meaning.

We agree with the plaintiff that the policy of this State is and has been since 1906, at least, for the elimination of grade crossings. Such a policy was recognized in the *Libby* case, *supra*. We also believe that it is its policy to restrict the putting in of new crossings of this character as far as is practicable. We cannot agree with the plaintiff, however, that under sec. 6228 towns have the unrestricted right to establish new crossings at grade and thus practically nullify sec. 6344. It seems to us that the plaintiff and other railroads operating in this State have full protection by application to the public service commission as provided in sec. 6228 against any arbitrary or unwarranted action on the part of these defendants or other selectmen acting for their towns in the way of laying out crossings at grade. The

commission has the final determination of the question of the nature of the crossing if proper application is made to it.

From a careful examination of the statutes in question we have been unable to find any intention on the part of the Legislature to repeal the act which is now P. L. 6228 and we hold that the same never has been repealed in whole or in part by the statutes relied upon by the plaintiff.

*Judgment of the lower court overruling plaintiff's motion to dismiss is affirmed, with costs in this Court to the defendants and cause remanded.*