**In re Petition by Central Vermont Railway, Inc.**

[433 A.2d 303]

No. 373-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 10, 1981

*Ralph W. Howe, III,* of *Paterson, Gibson, Noble & Goodrich,* Montpelier, for Petitioner.

*William F. Rugg,* Law Offices of *George E. Spear, II,* Swanton, for Respondent.

**Hill, J.** Central Vermont Railway petitioned the Transportation Board requesting authority to close a public railroad grade crossing in the Town of Swanton, pursuant to 30 V.S.A.

§ 1901. Following hearings, the Board made findings and concluded that while closing the crossing would adversely affect vehicular traffic, the crossing presently was hazardous to motorists and should be relocated if it were to remain open. The Board therefore ordered that the Town of Swanton relocate the crossing by December 1, 1980, according to a particular plan considered at the hearings, or close the crossing. The Town appealed the decision, requesting that the crossing be allowed to remain, or, alternatively, that the December 1 deadline be extended. The Railway cross-appealed, praying that the crossing be closed immediately. We stayed the Board's order pending resolution.

During the hearings, the Board entertained evidence attesting both to the hazardous nature of the present crossing and the safety problems with relocating. Specifically, the Board heard testimony by a railroad employee that four accidents had occurred at the crossing between 1948–1969; evidence was also presented regarding the visibility problems presented by the crossing's location. On the other hand, evidence was introduced indicating that any alternative to retaining the crossing would compromise and delay fire protection and other emergency rescue services for the Town because of circumvented access.

The Board clearly is granted power pursuant to 30 V.S.A. § 1901 to order any alterations required for the public safety. 30 V.S.A. § 1906 accords the Board authority to direct by whom necessary alterations should be made. The Town, however, claims that the Board was without sufficient evidence to support its order. The Railroad, citing *Central Vermont Railway* v. *Hanley*, 111 Vt. 425, 433, 17 A.2d 249 (1941), claims that once the Board determined the crossing presented a public hazard, it should have been ordered closed immediately, notwithstanding the resultant public inconvenience.

In *Hanley*, this Court recognized a policy favoring the closing of grade crossings. However, that decision must not be read to restrict the Board from exercising its discretion in formulating resolutions sufficiently flexible to handle particular situations. In a case such as this, with equities both on the side of closing the crossing and retaining a ready access

for vehicular traffic, the Board should be permitted to exercise its expertise in fashioning a constructive compromise. See *Ladeau* v. *Department of Employment Security*, 134 Vt. 387, 388, 359 A.2d 648 (1976). The record indicates that the evidence sufficiently supports the conclusions as to the hazard created by the present crossing and the public benefits from having a crossing, even if relocated. As such, we will not second guess the Board. See *In re Young*, 134 Vt. 569, 570–71, 367 A.2d 665 (1976). Therefore, we reject the Railway's challenge to that portion of the Board's order dealing with *Hanley* and the relocation of the crossing.

■■ The Town, as part of its challenge to the Board's order, questions for the first time on appeal the admissibility of testimony by a railroad employee concerning accidents at the crossing. As we indicated in *Vermont Terminal Corp.* v. *State Highway Board*, 132 Vt. 1, 7, 313 A.2d 12 (1973), failure to object to the admission of testimony at the proper tribunal precludes our consideration. The Town's further contention that there is insufficient evidence to support the Board's conclusions thus also fails.

The Board ordered that the crossing be closed if relocation were not completed by December 1, 1980. In light of our stay of that order and the Town's admission at oral argument that relocation could be completed by September 1, 1981, we affirm the order of the Board except as to the applicable deadline, which shall be September 1, 1981.

*Judgment of the Board affirmed except as to the applicable deadline for relocation, which shall be September 1, 1981.*