# Town of Sheldon v. Central Vermont Railway

[449 A.2d 976]

No. 201-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed July 15, 1982

*Nicholas L. Hadden* of *John Kissane Associates*, St. Albans, for Plaintiff-Appellant.

*Ralph W. Howe III* of *Paterson, Walke & Pratt, P.C.*, Montpelier, for Defendant-Appellee.

**Underwood, J.** The Town of Sheldon appeals an order of the Transportation Board which closed off a public railroad crossing on Town Highway 28. Action by the Board resulted from a petition filed in December of 1979 by the defendant,

the Central Vermont Railway, Inc., requesting authority to bar vehicular traffic across the railroad tracks at that point.

After two hearings on the issue, the hearing examiner released findings. Among his conclusions was that: "The elimination of the crossing will remove a safety hazard and will promote the public interest." The examiner's findings were incorporated into the Board's order granting the relief requested by the railroad in its petition.

The Town's appeal challenges the sufficiency of the evidence, arguing that the record does not support the Board's action. The Town maintains that:

> before the board can issue an order permitting the elimination of a crossing, evidence must be presented which establishes:
> (a) that the crossing is a hazard to the public safety; and
> (b) if the crossing is deemed a hazard, that elimination of the crossing is the least restrictive means of removing the hazard.

As to the first, the Town argues that no evidence was presented to support the finding that the crossing is hazardous. The record reveals otherwise. There was testimony that the crossing was one of three in close proximity to each other; that three such crossings were, in the abstract, more dangerous than two simply because of the increased exposure; that this crossing was particularly dangerous because the railroad tracks are four feet higher than the level of the highway on each side, requiring approaching vehicles to negotiate a steep incline to cross the tracks, and because the line of vision on either side of the crossing, looking up and down the tracks, was inadequate.

The Town next argues that the order is invalid because no evidence was presented to show that elimination of the crossing was the least restrictive means of removing the hazard. It relies on our opinion in *In re Central Vermont Railway,* 140 Vt. 10, 433 A.2d 303 (1981), for the proposition that even if the crossing was hazardous, the Board should have balanced the concerns of the Railroad and of those opposed to closing the grade crossing to fashion a "constructive compromise."

The Town notes that no such constructive compromises were proposed by opponents, but blames this omission on the hearing officer, who purportedly led opponents to believe that the only issue was whether the crossing would be open or closed.

We note first that the hearing officer's statement of the issue did not preclude fashioning of a "constructive compromise." The availability of a viable compromise would have been a reason to keep the crossing open. The record discloses that the hearing examiner, time and again, sought to elicit from opponents reasons, facts, ideas and options to support leaving the crossing open. Thus we do not think he can be held responsible for the opponents' failure to propose compromises.

Moreover, we are aware of no requirement that the Board must base an order closing a crossing upon a finding that it is the least restrictive alternative available. Such a rule would conflict with the previously enunciated public policy of closing grade crossings. *In re Central Vermont Railway, supra,* 140 Vt. at 11, 433 A.2d at 304; *Central Vermont Railway* v. *Hanley,* 111 Vt. 425, 433, 17 A.2d 249, 253 (1941).

Our decision in *In re Central Vermont Railway, supra,* certainly does not so require. In that case, the Board made findings that closing a crossing in the Town of Swanton would adversely affect vehicular traffic and delay emergency vehicles, but that as presently located the crossing was hazardous to motorists. Accordingly, the Board ordered the Town to relocate the crossing by a certain date or shut it down. The Railroad's appeal challenged the power of the Board to attempt to fashion a compromise between the competing considerations.

We rejected the Railroad's claim that "once the Board determined the crossing presented a public hazard, it should have been ordered closed immediately, notwithstanding the resultant public inconvenience." *Id.* at 11, 433 A.2d at 304. Rather, we held:

In *Hanley,* this Court recognized a policy favoring the closing of grade crossings. However, that decision must not be read to restrict the Board from exercising its

*discretion* in formulating resolutions sufficiently flexible to handle particular situations. In a case such as this, with equities both on the side of closing the crossing and retaining a ready access for vehicular traffic, the Board should be *permitted* to exercise its expertise in fashioning a constructive compromise.

*Id.* at 11–12, 433 A.2d at 304 (emphasis added).

■ Thus, *In re Central Vermont Railway* stands merely for the proposition that the Board has discretion to fashion a compromise between competing considerations. To win reversal of matters committed to the discretion of an adjudicatory tribunal, there must be shown an abuse of discretion which caused prejudice. *Finkle* v. *Town of Rochester,* 140 Vt. 287, 289, 438 A.2d 390, 392 (1981).

No abuse has been alleged here, nor does any appear from the record.

*Affirmed.*