# In re Greg Gallagher

[549 A.2d 637]

No. 87-172

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed May 27, 1988

*Greg Gallagher, pro se,* St. Johnsbury, Plaintiff-Appellee.

*Swainbank, Morrissette, Neylon & Hickey,* St. Johnsbury, for Defendant-Appellant.

**Peck, J.** This is an appeal by the Town of Westmore (Town) and the Town of Westmore Planning Commission (Commission) from a decision of the State Environmental Board (Board). We reverse and remand.

On December 8, 1986, the Town and Commission appealed to the Board a land use permit amendment issued by the District Environmental Commission pursuant to 10 V.S.A. § 6089. The permit amendment authorized conversion of twenty-two rental cabins in Westmore, Vermont, to condominium units. The original permit had authorized applicant, Greg Gallagher, to tear down and rebuild five of the twenty-two cabins which had been constructed approximately forty years earlier.

In their appeal to the Board, the Town and Commission claimed that the proposed condominium conversion would have an adverse impact under criteria listed in Act 250 with regard to water pollution, waste disposal, water supply, floodways, streams, shorelines and private utility systems. 10 V.S.A. § 6086(a)(1)-(a)(10). At the prehearing conference Gallagher raised the issue of whether there was Act 250 jurisdiction over the proposed condominium conversion.

By written findings of fact, conclusions of law and order, on March 27, 1987, the Environmental Board held that the condominium conversion of the cabins did not fall under the jurisdiction of Act 250. Under 10 V.S.A. § 6081(b), developments built prior to June 1, 1970, do not require an Act 250 permit unless there is a "substantial change to the exempted development." With respect to the five cabins that were rebuilt by applicant, the Board noted that, once a permit has been issued, a permit amendment is thereafter required for any "substantial" or "material" change made to the project. Environmental Board Rule 2(a)(5).

The Board found, based on representations of the applicant, that no "substantial" or "material" change would result from conversion of the cabins and that, consequently, the Board had no jurisdiction under Act 250. The term "material" change is defined by Environmental Board Rule 2(p) as meaning "any alteration of a project which has a significant impact on any finding, conclusion, term or condition of the project's permit and which affects one or more values sought to be protected by the Act." The Board noted that a "material" change does not require a physical change, but could arise by a change in the manner in which an Act 250 project is operated or maintained where it impacts upon the conditions in the permit or the district commission's findings.

"Substantial" change is defined by Environmental Board Rule 2(g) as "any change in a development or subdivision which may result in a significant impact with respect to any of the criteria specified in [Act 250]." This Court recently affirmed the Board's two-part test to determine whether there exists "substantial change" such that the Board's Act 250 jurisdiction is properly invoked. *In re H. A. Manosh Corp.*, 147 Vt. 367, 369, 518 A.2d 18, 19 (1986). In *H. A. Manosh*, we held that "[f]irst, the Board must find a cognizable physical change to the pre-existing development. If such a change is found, the Board must conclude that the change has caused a significant impact under one or more of the ten criteria listed in § 6086 of Act 250." *Id.* at 370, 518 A.2d at 20.

Because the condominium conversion would not result in physical change to the development, and based on representations of the applicant as to the continued seasonal use of the cabins, the Board concluded that the conversion would not result in a significant impact upon any of the values sought to be protected by Act

250. The Board concluded that because there was no evidence that the conversion would result in "substantial" or "material" change, it lacked jurisdiction under Act 250. The Board dismissed the appeal and declared applicant's land use permit amendment void, noting that the underlying land use permit remains in effect insofar as it pertains to the five cabins built after June 1, 1970. It is from this order that the Town and Commission appeal.

The Town and Commission argue that the Environmental Board erred by failing to hold a factual hearing to determine whether the proposed condominium conversion might result in a significant impact on one or more of the Act 250 criteria. We agree.

In appeals from the actions of administrative bodies, this Court will apply a "deferential standard of review to claims of insufficiency of evidence." *In re Johnston*, 145 Vt. 318, 321-22, 488 A.2d 750, 752 (1985). For this Court to reverse the actions of the Board with regard to a matter committed to its discretion, "there must be shown an abuse of discretion which caused prejudice." See *Town of Sheldon* v. *Central Vermont Railway*, 141 Vt. 477, 480, 449 A.2d 976, 978 (1982).

10 V.S.A. § 6089(a) provides in part that "[t]he board . . . shall hold a de novo hearing on all findings requested by any party." The Board's findings, "if supported by substantial evidence on the record . . . , shall be conclusive." 10 V.S.A. § 6089(c). However, the Board is required to follow procedures set out in 3 V.S.A. § 809 before ruling on a matter. 10 V.S.A. § 6089; 3 V.S.A. § 814(a). This statute gives the parties the right to present evidence and argument on all the issues involved. 3 V.S.A. § 809.

In this case, the Board's conclusions rely heavily on applicant's representations that the cabins will continue to be occupied on a seasonal basis. The Board explained:

> Our conclusions might well have been different if the change in ownership of the cabins included a proposal for year-round occupation and there was evidence to indicate that this change may impose unreasonable burdens on the town's municipal or educational services, or that the on-site sewage disposal system was inadequate to handle constant use or that the buildings were not properly insulated to reflect the principles of energy conservation.

The Board, however, failed to give the parties an opportunity to present evidence as to these and other matters bearing on whether the proposed conversion would effect a "material" or "substantial" change. Consequently, we hold that the Board abused its discretion by dismissing the appeal. See *In re Vermont Public Power Supply Authority*, 140 Vt. 424, 429, 440 A.2d 140, 141 (1981).

Because we remand for a factual hearing to determine whether the proposed condominium conversion constitutes a "substantial" or "material" change, we do not reach the remaining issues raised on appeal.

*Reversed and remanded for further proceedings not inconsistent with this opinion.*