## Jan PASSION v. DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES

[689 A.2d 459]

No. 95-400

January 3, 1997. Petitioner Jan Passion appeals an order of the Human Services Board denying his request to strike a report from the Vermont Department of Social and Rehabilitation Services' (SRS) registry of substantiated child abuse investigations. He contends the Board erred in admitting evidence of a prior unsubstantiated allegation of abuse, the Board wrongfully excluded petitioner during the testimony of the victim, the evidence was inadequate to support a substantiation of sexual abuse, and SRS had no jurisdiction to investigate the incident, which occurred in Mexico. We affirm the Board's order.

SRS first had contact with petitioner in 1992 when the agency received a report of possible sexual abuse involving petitioner

and his stepdaughter, R.F. Following an investigation, SRS determined the allegation could not be substantiated as sexual abuse or exploitation, and no further action was taken.

In April 1994, SRS received another report from R.F.'s high school guidance counselor. The incident occurred while the family was on vacation in Mexico. R.F., then fourteen years old, was suffering from a stomach disorder, and petitioner was massaging her stomach. R.F. reported that, after an aunt left the room, petitioner touched her breasts several times. Petitioner claimed that the touching, if it occurred, was purely inadvertent and nonsexual.

SRS investigated and substantiated the report as child sexual abuse, which resulted in placement of petitioner's name on the SRS registry of substantiated child abuse investigations. See 33 V.S.A. § 4916(a). SRS's finding of abuse was upheld throughout petitioner's subsequent appeals to the SRS District Director, the SRS Commissioner, and the Human Services Board, which adopted the hearing officer's report and order in June 1995. The Board concluded that petitioner had sexually molested R.F., which under the statute "consists of any act . . . by any person involving sexual molestation or exploitation of a child," 33 V.S.A. § 4912(8), and denied petitioner's request to expunge the report against him. This appeal followed.

Petitioner first argues that SRS violated his statutory and due process rights by using evidence from the 1992 unsubstantiated investigation. Vermont law requires that all SRS records of an unsubstantiated child abuse investigation be destroyed unless the person complained of requests that they not be destroyed. 33 V.S.A. § 4916(a), (b). That SRS failed to destroy its documents from the 1992 investigation, petitioner claims, is shown by repeated mention of the 1992 event in the 1994 investigation documents and during subsequent proceedings.

But petitioner has failed to show that SRS did not destroy the 1992 documents. The only document from the 1992 investigation submitted on appeal is a CUSI report. The Chittenden Unit for Special Investigations, or CUSI, is a police unit not affiliated with SRS. The statutory requirement to destroy documents applies only to records held by SRS; non-SRS investigators are free to record and preserve information as they deem appropriate and necessary. Also, although the SRS investigator testified during the hearing that he was "aware" of the 1992 incident, there was no evidence that 1992 SRS records were used during the 1994 investigation. While the statute expressly requires destruction of unsubstantiated abuse records, it does not require SRS investigators, or other witnesses, to develop amnesia about prior reported incidents. Thus, petitioner has failed to provide any evidence that SRS violated the statutory requirements.

Additionally, any mention during the proceedings of SRS records from the 1992 investigation was harmless. Petitioner must show not only that the Board erred in admitting evidence of the 1992 SRS investigation, but that the admission prejudiced petitioner. See *Baldwin v. State*, 126 Vt. 70, 77, 223 A.2d 556, 561 (1966). Where erroneously admitted evidence is merely cumulative with evidence admitted without objection, the erroneous admission is harmless. *Id.* (harmless error where photographs objected to showed same features as depicted in photographs admitted without objection). During the hearing, petitioner himself offered testimony concerning both the details of the 1992 investigation and the events surrounding the investigation. Thus, petitioner cannot claim to have been prejudiced by testimony concerning the 1992 report when he personally offered testimony on the information the report likely contained.

In any event, petitioner waived his

right to raise this issue on appeal by failing to object before the Board. Matters not objected to in the prior proceeding will not be considered on appeal, *Poulin v. Ford Motor Co.*, 147 Vt. 120, 125, 513 A.2d 1168, 1173 (1986), and an objection on one ground in the proceeding below does not preserve a claim of error on other grounds. *In re R.L.*, 148 Vt. 223, 227, 531 A.2d 909, 911-12 (1987). In his memorandum in opposition to the State's motion to compel the testimony of petitioner's therapist, petitioner argued that any testimony concerning the 1992 incident was irrelevant and immaterial under V.R.E. 401, prejudicial under V.R.E. 403, and prohibited character evidence under V.R.E. 404. Petitioner renewed his objection twice during the hearing on the same basis. But at no time did petitioner object to the 1992 testimony on the basis that SRS had violated the statute requiring destruction of records and thereby violated petitioner's due process rights. Having failed to object on that basis before the Board, petitioner cannot raise the issue here.

Petitioner next contends that his due process rights were violated when he was excluded from the hearing room during R.F.'s testimony. As it is undisputed that petitioner's attorney cross-examined R.F., petitioner's argument in substance is that he had a right to face-to-face confrontation with his accuser. But the Sixth Amendment right to face-to-face confrontation is limited to criminal defendants. *In re A.L.*, 163 Vt. 635, 636, 669 A.2d 1168, 1169 (1995) (mem.) (citing *Coy v. Iowa*, 487 U.S. 1012 (1988)). The proceeding before the Board requesting deletion from the SRS registry was an administrative proceeding, not a criminal action, and thus does not require the same constitutional protections. See *id.* at 637, 669 A.2d at 1170 (parents have no right to face-to-face confrontation in CHINS proceeding under either United States or Vermont constitutions).

Thus the decision to exclude petitioner during R.F.'s testimony was a matter within the Board's discretion. For this Court to reverse a decision committed to the Board's discretion, petitioner must show an abuse of discretion that caused prejudice. See *In re Gallagher*, 150 Vt. 50, 52, 549 A.2d 637, 639 (1988). Petitioner confirmed during his testimony that R.F. had on two occasions engaged in self-destructive behavior following the 1994 incident — first scratching and then cutting her wrists. Immediately preceding her time to testify, R.F. requested that petitioner not be present. The record shows that the hearing officer considered this information before deciding to exclude petitioner. The hearing officer also minimized any prejudice to petitioner by granting him additional time to confer with his attorney prior to R.F.'s testimony, as well as time to confer prior to R.F.'s cross-examination. Thus the hearing officer did not abuse his discretion by excluding petitioner from the room during R.F.'s testimony.

Petitioner also contends the evidence was insufficient to support the Board's finding of sexual abuse. Petitioner argues that, although admittedly not required by statute, SRS must prove that the reported act was committed to satisfy sexual desires of either the perpetrator or the victim. In support of this argument, petitioner cites Vermont's criminal statute on lewd or lascivious conduct with a child, which requires proof that the act was committed "with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of such person or of such child." 13 V.S.A. § 2602.

But the proceeding from which petitioner appeals is an administrative action, unconnected to prosecution under Vermont's criminal statute against lewd or lascivious conduct with a child. The statute does not provide for criminal penalties such as fines or imprisonment, but is limited to listing on SRS's registry of

substantiated child abuse investigations. We therefore decline to read additional elements into the statute by requiring the Board to show petitioner acted intentionally. The evidence, based on the testimony of four witnesses, including petitioner and R.F., was sufficient for the Board to find that petitioner had committed the alleged act. This, in turn, was adequate to support the Board's conclusion that petitioner "molested and exploited [R.F.] within the meaning of the . . . statute." See *Bigelow v. Department of Taxes*, 163 Vt. 33, 35, 652 A.2d 985, 987 (1994) (Court will not disturb agency's findings so long as findings supported by credible evidence).

Finally, petitioner contends that SRS lacked jurisdiction to investigate allegations of sexual abuse that occurred outside the state of Vermont. But petitioner failed to raise the issue in the administrative proceedings below, and thereby failed to preserve the issue on appeal. We have noted that requiring preservation of jurisdictional issues in an administrative proceeding is common in American law and an exception to the general rule allowing challenges to subject-matter jurisdiction at any time. *In re Denio*, 158 Vt. 230, 234, 608 A.2d 1166, 1169 (1992). Having failed to challenge SRS's authority to investigate an incident that occurred in Mexico in the prior administrative proceedings, petitioner cannot raise it for the first time before this Court.

*Affirmed.*