*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-266

APRIL TERM, 2011

| | | |
|---|---|---|
| In re Marvin Waldman | } | APPEALED FROM: |
| | } | |
| | } | Human Services Board |
| | } | |
| | } | |
| | } | DOCKET NO. Y-08/09-441 |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals pro se from the Human Services Board's decision that he financially exploited his elderly mother by using her Social Security income for himself. We affirm.

In July 2009, the Department of Disabilities, Aging and Independent Living (DAIL) substantiated a report that petitioner had exploited his mother as defined in 33 V.S.A. § 6902(6). Petitioner requested review of this decision by the Human Services Board, and following a hearing, the Board affirmed DAIL's determination. It made the following findings. Petitioner's mother, E.W., is an elderly woman who used to live in Florida. She now lives in a residential care home in Middlebury, Vermont. Medicaid pays some of the facility's cost, and E.W. is responsible for the remaining share from her monthly Social Security check.

E.W. moved into the facility in May 2008. Petitioner paid the bill in full for several months, apparently using funds from the sale of E.W.'s Florida home. In November 2008, petitioner stopped paying the facility. Petitioner did not dispute that for most or all of the time since November 2008, he was E.W.'s representative payee for Social Security. Despite receiving E.W.'s Social Security money, petitioner did not pay any of it to the facility on E.W.'s behalf from October 2008 to the present. In a May 2009 letter to the facility, petitioner acknowledged E.W.'s debt, which totals $25,953.42. Petitioner argued that it was "God's will" that he use E.W.'s money for his own business ventures. The Board found that petitioner offered no credible evidence that he ever had permission and authority to use E.W.'s income for his own benefit and purposes.

Based on these and other findings, the Board affirmed DAIL's decision that petitioner exploited his mother. The Board found it undisputed that E.W. was a "vulnerable adult" as defined in 33 V.S.A. § 6902(14). It explained that the term "exploitation" included "[w]illfully using, withholding, transferring or disposing of funds or property of a vulnerable adult without or in excess of legal authority for the wrongful profit or advantage of another" or "[a]cquiring possession or control of an interest in funds or property of a vulnerable adult through the use of undue influence, harassment, duress, or fraud." Id. § 6902(6)(A), (B). The Board concluded that by using E.W.'s income for himself—and leaving E.W. significantly indebted, vulnerable to

eviction, and subject to being without necessary medical care and personal assistance—petitioner willfully "used" E.W.'s income without "authority" and for his own "wrongful advantage to E.W.'s personal and financial detriment." It also concluded that by failing to inform E.W. that he was not using her Social Security income to pay her bill at the facility, petitioner acquired the use and control of E.W.'s income by "undue influence." Thus, finding the statutory standards satisfied, the Board affirmed DAIL's decision. Petitioner filed a motion for reconsideration, which the Board denied. This appeal followed.

On review, we defer to the Board's decisions, and we "will not set aside the Board's findings unless they are clearly erroneous." In re E.C., 2010 VT 50, ¶ 6. "Our review is thus limited to determining whether the Board applied the proper legal standard, whether the evidence before the Board reasonably supports its findings, and whether the Board's findings reasonably support its conclusions." Id. "In reviewing the sufficiency of the Board's findings, we will construe the record in a manner most favorable to the Board's conclusions." Id. (quotation omitted).

The Board's decision is supported by the record and by the law. First, E.W. is plainly a "vulnerable adult." She was ninety-one years old at the time of the hearing below and living in a facility that must be licensed under chapter 71 of Title 33, V.S.A. See 33 V.S.A. § 6902(14)(A) ("vulnerable adult" includes "resident of a facility required to be licensed under chapter 71" of Title 33). As to exploitation, the Board found that petitioner did not dispute that he received E.W.'s Social Security income and used it for his own purposes. The statute defines "exploitation" in part as "[a]cquiring possession or control of . . . funds or property of a vulnerable adult through the use of undue influence, harassment, duress, or fraud." Id. § 6902(6)(B).

The Board reasonably concluded that petitioner acquired possession of his mother's funds through undue influence. He took advantage of a joint checking account to take his mother's money for himself. Obviously, E.W. needed this money to meet her own needs—she risked eviction as a result of petitioner's behavior, and it was only through the kindness of the facility that she was able to remain at the facility despite over $25,000 in unpaid fees. Petitioner took this money without E.W.'s knowledge, and E.W. was completely unaware that her expenses were not being paid. By failing to inform his mother of his actions, petitioner was able to continue using her money as his own for a lengthy period of time. The Board found that petitioner offered no credible evidence to show that he had permission and authority to use E.W.'s income for his own benefit and purposes. In particular, the testimony of his mother, presented by petitioner and confirming his version of authorization, was rejected as wholly unconvincing. While petitioner asserts otherwise, it is for the Board, not this Court, to weigh the evidence and assess the credibility of witnesses. In re E.C., 2010 VT 50, ¶ 6.

Given that this statutory definition of exploitation set forth in § 6902(6)(B) is satisfied, we need not consider if petitioner also exploited his mother under § 6902(6)(A). We note that if petitioner was in fact E.W.'s representative payee for Social Security purposes—a fact the Board found unchallenged by petitioner—then he was legally obligated to use the Social Security benefits that he received on E.W.'s behalf for E.W.'s use and benefit; he was also obligated to keep such benefits separate from his own funds. See 20 C.F.R. § 404.2035(a), (b). Petitioner's behavior would plainly violate these federal regulations and the statutory standard.

None of petitioner's arguments persuade us otherwise. The fact that the federal government may have directly deposited E.W.'s Social Security funds into a joint checking account does not justify petitioner's behavior or give him free rein to use E.W.'s money for himself. As set forth above, the Board found no evidence that petitioner was authorized to use E.W.'s money as his own, and it acted well within its discretion in so concluding. While petitioner cites evidence that he believes supports his position, the Board was not so persuaded. We will not reweigh the evidence on appeal.

We reject petitioner's belated challenge to the constitutionality of the statutes at issue in this case and his challenge to the method by which fair hearings are conducted, including the use of a hearing officer who may or may not the Board's attorney. Petitioner fails to show that these arguments were raised before the hearing officer or the Board during the proceedings on the merits. See Passion v. Dep't of Social & Rehab. Servs., 166 Vt. 596, 597-98 (1997) (mem.) ("Matters not objected to in the prior proceeding will not be considered on appeal . . . ."). Instead, they appear to have been advanced for the first time in two motions to reconsider—one filed by petitioner and another written by a nonparty on petitioner's behalf. The Board found no good cause to reopen its decision, and it did not err in so concluding. See F.H. Rule 1000.4(K) (Board authorized to grant such motions "only upon a showing of good cause by the moving party"). We note that petitioner cited no legal authority to support such contentions in the motions below, aside from citing the statutes that specifically authorize the hearing process followed here.

Finally, the Board has not defamed petitioner, as petitioner suggests—its order reflects the Board's conclusion, based on the evidence presented at the hearing below, that petitioner exploited his elderly mother. Petitioner was provided ample due process by which to challenge this conclusion, and the fact that he disagrees with the Board's decision does not demonstrate legal error or violation of his constitutional rights. We have considered all of petitioner's arguments and find them all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice