Filed 02/03/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-3481

| | |
|---|---|
| South River, LLC,<br>    Appellant<br><br>v.<br><br>Burlington Housing Board of Review,<br>    Appellee | On Appeal from Decision of<br>City of Burlington<br>Housing Board of Review |

## DECISION ON APPEAL

Pursuant to Rule 74 of the Vermont Rules of Civil Procedure, Landlord South River, LLC appeals a decision of the City of Burlington, Vermont Housing Board of Review ("the Board") requiring it to return in full the security deposit Nicole Christman paid when she moved into 151 S. Champlain Street, Apartment 3 (the "Apartment"), at the start of her lease in 2019. South River argues the Board lacked jurisdiction over the matter because Christman did not have standing to file the appeal. It also contends the Board "exceeded its authority" by deciding the merits of South River's contractual rights and claims for damages. South River is represented by Alexander J. LaRosa, Esq. and the Board is represented by Erik Ramakrishnan, Esq.[1] For the following reasons, the Board's decision is AFFIRMED.

### The Board's Decision

The Board held a hearing on June 16, 2025, and following the presentation of evidence, it made the following relevant findings of fact. Nicole Christman occupied the Apartment pursuant to a lease originally executed at the end of May 2019. Ms. Christman paid a security deposit of $2,500 "at the outset of the lease," and this amount included a $250 pet deposit. The parties extended the lease in the years following 2019, and the then-current lease was due to expire on July 31, 2025. After providing 60 days' notice, Christman moved out of the Apartment on March 31, 2025. South River was able to find a replacement tenant to move in approximately two weeks later.

On April 14, 2025, South River sent Christman a letter identifying deductions from the security deposit in the full amount of the deposit and demanding payment for an additional

---

[1] South River named only the Board as a defendant in this appeal; therefore, Ms. Christman was not served with and is not participating in the appeal.

$3,345.58.[2] South River provided a description of the charges it was imposing, but it failed to notify Christman of her right to file a challenge with the Board based on the deductions it was making from her security deposit. Christman only learned of her right to challenge the deductions when she contacted Legal Aid for assistance.

Based on South River's failure to inform Christman of her right to challenge the deductions, the Board issued a decision that South River "was not eligible to deduct any amount from the security deposit." Decision ¶ 14. The Board ordered South River to return the entire $2,500 amount of the deposit, with interest. Moreover, the Board noted that even if South River had not sent a deficient notice, it had doubts regarding "the legitimacy of [South River's] deductions." *Id*. ¶ 15. The Board addressed each of the deductions South River included in its letter to Christman, noting its opinion as to whether the amounts were appropriate and recoverable. *Id*. ¶¶ 16-18.

Legal Standard

Appeals from decisions of the Housing Board of Review under 24 V.S.A. § 5006 are governed by Rule 74. *In re Soon Kwon*, 2011 VT 26, ¶ 6, 189 Vt. 598 (mem.). Courts review the decision of the Board "on the record" rather than by conducting a new hearing. *Id*. (quotation omitted). Unless a court determines that it must take evidence or appoint a referee for proper disposition of the matter, the court reviews the record of the hearing and exhibits acted upon by the Board. *See* 24 V.S.A. § 5006(b); V.R.C.P. 74(d) (stating record on appeal includes "all writings and exhibits in the agency proceeding"). "In such cases, the court's task is solely to determine whether there was 'any reasonable basis for the [Board's] finding[s].'" *In re Soon Kwon*, 2011 VT 26, ¶ 6 (quoting *State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292, 294, 415 A.2d 216, 218 (1980)). The court does not "reweigh the evidence or assess the credibility of witnesses" because that is the province of the Board as the trier of fact. *Sweet v. Pierre*, 2018 VT 122, ¶ 13, 209 Vt. 1 (citation omitted).

Analysis

As noted above, South River does not challenge the Board's decision that it may not retain any part of Christman's security deposit due to its failure to inform her of her right to appeal. *See* Burlington Code of Ordinances § 18-120(c) ("A landlord shall return the deposit to a tenant within fourteen (14) days from the date on which the landlord discovers that the tenant vacated or abandoned the rental unit, or the date the tenant vacated the dwelling unit, provided the landlord received notice from the tenant of that date, with a written statement itemizing any deductions. That written statement shall also inform the tenant of the opportunity to request a hearing before the Burlington housing board of review within thirty (30) days of receipt of the landlord's written statement. . . . If a landlord fails to return the security deposit with a statement within fourteen (14) days, the landlord forfeits the right to withhold any portion of the security deposit."); *see also In re Soon Kwon*, 2011 VT 26, ¶ 20 (affirming Board's decision that landlord

---

[2] South River charged Christman a prorated rental amount for the two weeks in April when the apartment was unoccupied, a rental termination fee, repairs to and painting of walls, repairs to damaged flooring, and cleaning, for a total of $5,845.58.

2

forfeited its right to retain any portion of security deposit because it failed to provide tenant with appeal rights as required by City ordinance). Rather, relying entirely on information outside the administrative record, South River argues the Board lacked jurisdiction over the matter because Christman did not have standing to file the appeal. The Court must reject this argument.

South River failed to raise the issue of Christman's standing before the Board. Indeed, in support of its argument, South River submits a document to the Court entitled "Release of Claims" that is dated in August 2025 (after the Board's decision, which was issued on July 15, 2025) and purports to be an agreement between South River and an individual named Matthew Greene. However, Mr. Greene did not participate in the proceedings before the Board, and the Board made no findings concerning Mr. Greene. Because the document is not part of the administrative record, it may not be considered by the Court. As discussed above, appeals of Board decisions pursuant to Rule 74 are reviewed "on the record" applying a "deferential standard" to determine whether the Board made legal errors or findings unsupported by the evidence." *Ramos v. Niquette*, No. 2020-059, 2020 WL 4731891, at *1 (Vt. Aug. 2020) (unpub. mem.) (citing *In re Soon Kwon*, 2011 VT 26, ¶ 6);[3] *see also* V.R.C.P. 74(d). Moreover, it is well settled that jurisdictional issues must be raised first with the administrative agency before being argued on appeal. *See, e.g.*, *Passion v. Dep't of Social & Rehab. Servs.*, 166 Vt. 596, 599, 689 A.2d 459, 463 (1997) (mem.) ("We have noted that requiring preservation of jurisdictional issues in an administrative proceeding is common in American law and an exception to the general rule allowing challenges to subject-matter jurisdiction at any time."); *In re Denio*, 158 Vt. 230, 234, 608 A.2d 1166, 1168-69 (1992) (applying law of exhaustion of administrative remedies in requiring preservation of jurisdictional issues in administrative forums). Accordingly, South River failed to preserve its jurisdictional argument, and thus the Court does not address South River's assertion that the Board had no jurisdiction because Christman lacked standing.

Next, South River argues that the Board exceeded its authority by appearing "to adjudicate the merits of [South River'] contractual rights and claims." Appellant's Brief at 7. South River contends that the Board "appears to attempt to foreclose [South River's] rights to bring a claim for damages – including any that would have been covered by the $2500 security deposit or that are above that sum – in civil or small claims court." *Id*. South River's argument is not well taken. As Burlington points out, under 24 V.S.A. § 5005(c), the Board has jurisdiction to resolve disputes concerning security deposits, including ordering that up to the entire amount withheld be returned to the tenant or retained by the owner. Appellee's Brief at 7-8. Therefore, there can be no question that the Board had the authority to determine the appropriateness of South River's deductions from the security deposit, as an alternate basis for its ruling. *See Nat. Res. Bd. Land Use Panel v. Dorr*, 2015 VT 1, ¶ 14, 198 Vt. 226 ("'Subject matter jurisdiction' refers to the fundamental power of a court to hear and determine a general class or category of cases. It is a concept easy to confuse with the simple authority to act, and we have, accordingly,

---

[3] Trial courts are free to "consider three-justice decisions from [the Vermont Supreme] Court for their persuasive value, even though such decisions are not controlling precedent." *Washburn v. Fowlkes*, No. 2015-089, 2015 WL 4771613, at *3 (Vt. Aug. 2015) (unpub. mem.) (citing V.R.A.P. 33.1(d), which provides that an "unpublished decision by a three-justice panel may be cited as persuasive authority but is not controlling precedent," except under limited circumstances).

been careful to limit the concept in . . . administrative contexts, where the agency generally exercises limited powers and virtually any disagreement with its actions can be phrased in jurisdictional terms." (quotations omitted)); *see also State v. Washburn*, 2024 VT 45, ¶ 11, 219 Vt. 552 (noting that if an agency "has jurisdiction over the general category of case, . . . the fact that [it] errs in exercising its jurisdiction in a particular case within that general category does not implicate [its] subject-matter jurisdiction" (quotation omitted)). Further, the potential preclusive effect of the Board's decision is not an issue to be decided by this Court, but instead is a matter to be raised in a future proceeding. *See, e.g.*, *Bank of New York Mellon v. Quinn*, 2025 VT 60, ¶ 26, __ A.3d ___ (declining to address the preclusive effects of the Court's decision "on any subsequent action involving the same parties"). Thus, there is no basis to disturb the Board's ruling below.

<u>Order</u>

For the foregoing reasons, the decision of the Burlington Housing Board of Review is AFFIRMED.

Electronically signed on February 3, 2026 at 10:06 AM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge