### In re Tina Bushey-Combs

[628 A.2d 541]

No. 91-393

Present: **Allen, C.J., Gibson, Dooley and Johnson, JJ., and Peck, J. (Ret.), Specially Assigned**

Opinion Filed March 12, 1993

Motion for Reargument Denied June 8, 1993

*Jeffrey L. Amestoy*, Attorney General, Montpelier, *Michael O. Duane*, Assistant Attorney General, and *Keith Aten*, Law Clerk (On the Brief), Waterbury, for Defendant-Appellant.

*Wendy Morgan*, Vermont Legal Aid, Inc., St. Johnsbury, for amicus curiae Vermont Low-Income Advocacy Council.

**Johnson, J.** The issue before the Court is whether the standard of review employed by the Human Services Board in conducting a "fair hearing" pursuant to 3 V.S.A. § 3091 is de novo

or appellate in nature. Appellant Vermont Department of Social and Rehabilitation Services (SRS) contends that the Board erred in determining that its scope of review is de novo, and, after conducting its de novo review, the Board further erred in ordering SRS to expunge appellee's records from its child abuse and neglect registry. We find that 3 V.S.A. § 3091 clearly contemplates the Board's employing a de novo standard of review and affirm.

On November 15, 1990, appellee received notice from SRS that SRS intended to revoke her family day care home registration because she had a report of sexual abuse substantiated against her. The alleged abuse occurred during the summer of 1986 between appellee, who was then fifteen years old, and the children she was babysitting, who were then eleven and eight years old. The complaint of abuse, made four years after the incidents were alleged to have taken place, came about when the older boy, then fifteen and a half, reported them to his school guidance counselor, who then contacted SRS. SRS's investigation of the abuse included an interview with appellee herself, who claimed that the incidents were not a result of her exercising authority over the children but merely mutual exploration between herself and the boys.

After appellee received the notice, she applied to the Human Services Board for an order expunging her records from the SRS registry, pursuant to 33 V.S.A. § 4916(h). The Board held a fair hearing under 3 V.S.A. § 3091, at which the burden was on SRS to establish that the record should not be expunged. SRS argued that the Board was limited to appellate review of its decision and that de novo review of the evidence of abuse was improper, but the Board rejected that argument based upon its reading of § 3091. Upon reviewing the evidence de novo, the Board reversed SRS's finding that the report of abuse was substantiated and ordered SRS to expunge the reports against appellee from its registry. SRS appeals the Board's decision. Vermont Low-Income Advocacy Council, granted leave by this Court to file a brief as amicus curiae, argues that the statutory scheme and Vermont case law require that fair hearings before the Board be de novo.

33 V.S.A. § 4916 provides:

> (a) The commissioner of social and rehabilitation services shall maintain a registry which shall contain written records of all investigations initiated under section 4915 of this title unless the commissioner or the commissioner's designee determines after investigation that the reported facts are unsubstantiated . . . .
>
> . . . .
>
> (h) A person may, at any time, apply to the human services board for an order expunging from the registry a record concerning him or her on the grounds that it is unsubstantiated . . . . The board shall hold a fair hearing under section 3091 of Title 3 on the application at which hearing the burden shall be on the commissioner to establish that the record shall not be expunged.

Pursuant to 3 V.S.A. § 3091(b), the fair hearing:

> shall be conducted by the board or by a hearing officer appointed by the board. The chairman of the board may compel, by subpoena, the attendance and testimony of witnesses and the production of books and records. All witnesses shall be examined under oath.

After the hearing has been held, "[t]he board or the hearing officer shall issue written findings of fact." 3 V.S.A. § 3091(c).

Although nowhere in § 3091 does it expressly state that the fair hearing is to be de novo, it is clearly implied by the language and provisions of the statute. The Board is specifically empowered to compel testimony and evidence by subpoena, examine witnesses and issue written findings. This leaves no doubt that the type of hearing contemplated under § 3091 is evidentiary in nature. Such specifically granted powers would be meaningless if the Board were limited to determining only whether or not SRS had sufficient evidence to support its conclusions. SRS would have us limit the Board to appellate review of the record established by SRS itself because the statute uses the term "appeals." A close examination of the statute reveals that the term "appeals" is used synonymously with the phrase "request for a fair hearing," and both terms are used to refer to contesting agency actions and not to imply a limited scope of review. See 3 V.S.A. § 3091. Further evidence that the hearing contemplated is to be de novo is found in 33 V.S.A. § 4916(h),

which places the burden of proof with SRS to show why the record should not be expunged. By requiring SRS to come forward with evidence to meet its burden, the legislature intended to allow the Board to make determinations beyond those allowed by review of the SRS record.

SRS further contends that the Board is not authorized to substitute its judgment for that of SRS. To support its argument for the presumptive validity of agency decisions, SRS erroneously cites to cases that found such a presumption where there was judicial review of an administrative decision. See *Piche v. Department of Taxes*, 152 Vt. 229, 233, 565 A.2d 1283, 1286 (1989) (superior court committed error by reversing commissioner's discretionary decision because there was no abuse of discretion shown); *In re Johnston*, 145 Vt. 318, 321–22, 488 A.2d 750, 752 (1985) (Court applies a deferential standard of review to Vermont State Liquor Control Board decisions made within its expertise). Here, we are not faced with the scope of judicial review of the decision of an administrative agency, but with the scope of an administrative board's review of orders of an administrative agency. SRS bases its orders upon the record created by its own investigations; SRS's determinations are therefore significantly different in nature from those of an adjudicative body. Furthermore, it is the Board's order that is the final agency decision for purposes of judicial review, not that of SRS. See 3 V.S.A. § 3091(f). Judicial deference to the agency's determination applies therefore to the findings and orders of the Board, not to those of SRS, and does not apply to the Board's review of SRS's decisions.

We hold that the statutory scheme taken as a whole clearly contemplates the Board's power to review de novo evidence of abuse in conducting fair hearings pursuant to § 3091. To find otherwise would render useless the specific powers granted to the Board in § 3091.

In the present case, SRS failed to meet its evidentiary burden, pursuant to 33 V.S.A. § 4916(h), to show why the record of abuse against appellee should not be expunged. Absent such a showing by SRS, it was fully within the Board's power to reverse SRS's finding that the report of abuse was substantiated and to order that appellee's records be expunged.

*Affirmed.*