## K.G. v. DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES

[758 A.2d 323]

No. 99-346

July 19, 2000. The Department of Social and Rehabilitation Services (SRS) appeals from an order of the Human Services Board (Board) expunging K.G.'s name from the child abuse registry maintained by SRS pursuant to 33 V.S.A. § 4916(a). SRS argues that the facts of this case constitute abuse as a matter of law. We disagree and affirm the Board's order.

SRS received a complaint about a possible instance of abuse involving K.G. and her nine-year-old son. In its investigation, SRS found the following facts. K.G., her son, and her boyfriend attended a sporting event at which K.G. and her boyfriend consumed some alcoholic beverages. K.G.'s boyfriend drove her and her son to the event, but on the way home, with K.G.'s consent, the boyfriend permitted her son to sit in his lap and operate the automobile. As a result, the son was seated in the car unrestrained and dangerously close to the driver-side air bag and windshield. In this way, they proceeded over back dirt roads, but were stopped when they pulled on to a main paved road and were observed moving very slowly and swerving. The boyfriend was subsequently charged with and convicted of driving while intoxicated as a result of this incident. K.G. was charged with child endangerment, but the charges were dropped. During the investigation, K.G. defended the practice of teaching her son how to drive in an adult operator's lap, but agreed not to allow it in the future.

SRS found that these facts substantiated the allegation of abuse, and listed K.G.'s name in the child-abuse registry. See 33 V.S.A. § 4916(a). K.G. appealed, and the Board accepted the findings, but decided that the registry listing should be expunged. See 3 V.S.A. § 3091(a); 33 V.S.A. § 4916(h). SRS appealed to this Court.

Under the statutory scheme, when a person appeals an SRS decision to list the

person in the child abuse registry, the Board receives evidence and reviews the SRS decision de novo. See *In re Bushey-Combs*, 160 Vt. 326, 328-29, 628 A.2d 541, 542-43 (1993). SRS has the burden of proof before the Board. See *In re Selivonik*, 164 Vt. 383, 389, 670 A.2d 831, 835 (1995). On appeal from the Board to this Court, the Board's decision represents the final agency decision for purposes of judicial review. See *Bushey-Combs*, 160 Vt. at 329, 628 A.2d at 543. Moreover, we employ a deferential standard of review of the Board's decisions in these matters. See *id.* ("Judicial deference to the agency's determination applies . . . to the findings and orders of the Board, not to those of SRS . . . ."). Thus, this Court will not reverse the Board's order to expunge K.G.'s name from the registry unless we find that these facts constitute abuse as a matter of law.

Under 33 V.S.A. § 4912(2), an "abused child," in pertinent part, is "a child whose physical health . . . or welfare is harmed or is at substantial risk of harm by the acts or omissions of his or her parent." The statute goes on to define "risk of harm" as "a significant danger that a child will suffer serious harm other than by accidental means, which harm would be likely to cause physical injury." *Id.* § 4912(4). The Board acknowledged that K.G.'s conduct was "ill-advised," but faced a judgment call whether it created a "significant danger" to her son and was "likely to cause physical injury" to him. We conclude that on the facts this decision fell within the Board's discretion, and the facts do not make out child abuse as a matter of law. Thus, we affirm the Board's decision to expunge the listing.

As a way of overcoming the Board's discretion, SRS argues that it adopted a too-narrow definition of child abuse, at variance with the Legislature's policy to protect children. We cannot find in the terse decision of the Board that it narrowed the statute. Instead, it disagreed with SRS's application of the facts to the statutory standard, and exercised its discretion to order expungement.

*Affirmed.*