*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-058

OCTOBER TERM, 2016

| | | |
|---|---|---|
| In re D.G. | } | APPEALED FROM: |
| | } | |
| | } | Human Services Board |
| | } | |
| | } | DOCKET NO. A-06/14-503 |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from a Human Services Board decision, which upheld a determination by the Department for Children and Families (DCF) substantiating that he placed his child, C.G., at risk of harm. Petitioner asserts that the evidence as a matter of law does not support a conclusion that petitioner put his child at significant risk of serious physical injury. We affirm.

In 2014, DCF substantiated a report that petitioner placed C.G. at risk of harm during an altercation with his wife, A.G. C.G. was two years old at the time. Petitioner appealed this determination to the Board. Following an evidentiary hearing, the Board determined that DCF's decision was supported by a preponderance of the evidence. The Board explained that petitioner admitted to numerous elements of the altercation, and to the extent that a conflict existed, the Board credited the testimony of petitioner's wife.

The Board found that in November 2013, petitioner and A.G. had an argument. Petitioner grabbed a book from A.G.'s hands, ripped it and threw it. A.G. decided to leave and began putting on C.G.'s shoes and coat. While she was kneeling down to help C.G., petitioner hit A.G. over the back of her head with his baseball cap. Petitioner was acting with rapidly increasing anger and physical aggression. A.G. left the house through the back door, which led onto a wet deck. She had C.G. in her left arm. Petitioner grabbed A.G. by the sleeve and tried to pull her back into the house. The two engaged in a tug-of-war for a few seconds until petitioner suddenly let go, causing A.G. to slip and fall. A.G. landed on her left side with C.G. lying next to her. A.G. did not have any control over how she and C.G. fell to the deck. C.G.'s face hit the deck, and the Board found that C.G. faced a significant danger of serious physical injury.

Based on these facts, the Board concluded that petitioner placed C.G. at risk of harm. It explained that DCF must investigate reports of abuse, neglect, or risk of harm to children and maintain a registry of all investigations unless the reported facts are unsubstantiated. 33 V.S.A. §§ 4914-4916. An "abused or neglected child" includes a child "whose physical health, psychological growth and development, or welfare is harmed or is at substantial risk of harm by the acts or omissions of his or her parent." Id. § 4912(1). " 'Risk of harm' means a significant danger that a child will suffer serious harm other than by accidental means, which harm would be likely to cause physical injury . . . ." Id. § 4912(14). The term "physical injury" means "death or permanent or temporary disfigurement or impairment of any bodily organ or function by other

than accidental means." Id. § 4912(11). Under the relevant DCF policy, risk of harm is substantiated when the person responsible for the child's welfare "[e]ngaged in a single, egregious act that has resulted in significant risk that the child could have been seriously physically injured." See Vt. Dep't for Children & Families, Family Services Policy 56: Substantiating Child Abuse and Neglect (August 31, 2016), http://dcf.vermont.gov/sites/dcf/files/FSD/Policies/56.pdf [https://perma.cc/W3CU-ALTL].[1]

The Board found it undisputed that petitioner was C.G.'s parent, and noted that petitioner did not appear to dispute, nor could he reasonably do so, that there was a significant risk that C.G. could have been physically injured during the incident. Petitioner instead argued that his conduct was not egregious and C.G. could not have suffered a serious physical injury when A.G. fell on the deck. He contrasted his behavior with a person who drives while intoxicated with a child in the car, asserting that unlike a drunk driver, A.G. was fully capable of mitigating the risk of injury from the fall.

The Board rejected petitioner's effort to shift the responsibility for A.G.'s fall from petitioner to A.G., and concluded that the facts showed that petitioner acted in an egregious way by becoming angry and physically aggressive with A.G. and then recklessly disregarding C.G.'s safety by abruptly letting go of A.G., causing her and C.G. to fall suddenly onto the deck. The Board also rejected petitioner's assertions that because there were no stairs or sharp objects on the deck his actions did not pose a significant risk of serious injury, that C.G. could use her arms to protect herself from serious injury, and that a two-year old has the "physical structure to endure falls, trips and slips." The Board found that C.G. could have been seriously injured by hitting her head on the deck, and thus, she faced a significant risk of serious physical injury as a result of the incident. Petitioner appealed from the Board's decision.

Petitioner argues that 1) there is insufficient evidence to support the Board's conclusion because A.G. testified that her fall was accidental; 2) even if he did cause her to fall, his acts were not egregious, and did not pose a risk of serious physical injury because the child could break her own fall from the short distance, and children have a physical structure that allows them "to endure falls, trips and slips"; and 3) the Board applied the wrong standard by noting that the fall could have injured the child rather than requiring proof of a probability of a significant risk.[2]

We find no error. See In re R.H., 2010 VT 95, ¶ 21, 189 Vt. 15 ("[W]e defer to the Board's decision regarding substantiation on appeal."); K.G. v. Dep't of Soc. & Rehab. Servs., 171 Vt. 529, 530 (2000) (mem.) (explaining that Court reviews Board's conclusion regarding substantiation for abuse of discretion). The Board applied the appropriate legal standard, and its decision is supported by the evidence.

---

[1] As the Board noted, this policy was revised effective July 1, 2015, but the language regarding risk of harm for serious physical injury is not materially different from the policy issued in 2009.

[2] Petitioner also argues that DCF "asserts that this incident was not a single event but rather part of a history of physical abuse." The Board did not rest its decision on this ground, or even mention it in its decision. It conducted a de novo review of DCF's decision, and concluded that petitioner engaged in a single egregious act. We thus do not address this argument.

First, A.G. did not testify that her fall was purely accidental. Instead, her testimony reflects that it was petitioner's act of restraining her as she was trying to leave, and his sudden letting go that led to her fall. To the extent petitioner takes issue with the Board's findings of fact, we conclude that the findings were supported by the evidence. State v. Hinchliffe, 2009 VT 111, ¶ 22, 186 Vt. 487 (credibility of witness and weight of evidence are "matters which are entirely within the province of the [factfinder]").

Second, the evidence was sufficient to support the Board's conclusion that petitioner placed C.G. at significant risk of serious physical injury. The Board found that C.G. was being held at a significant height above the hard wet deck, and that she would not have been able to protect herself from hitting her head and suffering a serious injury. Rather than using her hands to protect herself, the Board found that a child who felt herself falling while being held by a parent was more likely to grip the parent more closely, increasing the likelihood that she would directly strike her head or back on the hard deck. The Board found it unreasonable to believe that a two-year-old child, under these circumstances, had the physical attributes to withstand such a fall without serious injury. We do not agree that the evidence is insufficient to support the Board's findings and conclusions, or that the single egregious episode reflected in the testimony is insufficient to support a substantiation.

Finally, our review of the Board's decision as a whole confirms that the Board applied the right legal standard. Although it referenced the question whether C.G. "could have been seriously injured" during the incident, the ultimate question that it asked and answered in its decision was not whether there was any remote possibility that the child could be harmed as a result of petitioner's conduct but, rather, whether he placed her at significant risk of serious physical injury.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3