VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        24-AP-344



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2025

In re Appeal of D.B.\*

}  APPEALED FROM:
}  Human Services Board
}  CASE NO. B-10/22-617

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the Human Services Board's decision affirming the denial of petitioner's request to expunge her name from the child protection registry.  We affirm.

Petitioner was substantiated by the Department for Children and Families (DCF) in 2009 for physical abuse of her then-seven-year-old daughter.  DCF found that petitioner had kicked her daughter in anger, leaving a large bruise, when the daughter and her sibling were fighting over toys.  Petitioner did not request a timely review of the substantiation, which became final. DCF then placed petitioner's name on the child protection registry.

In September 2021, petitioner requested that her name be expunged from the registry. The Commissioner's Registry Review Unit (CRRU) denied the request after a hearing. Petitioner appealed to the Board.  While the appeal was pending, in February 2023, DCF notified the Board that it had agreed to remand the expungement request back to the CRRU for further review so that petitioner could submit additional information.  Petitioner's appeal to the Board was stayed pending the second review.  After reviewing the materials provided by petitioner, along with other materials in the record, the CRRU issued another decision in February 2024 denying petitioner's expungement request.

At status conferences in March and April 2024, petitioner indicated that she wanted to continue her appeal.  The hearing officer asked DCF to provide him with the record and for petitioner to indicate in writing why she disagreed with the CRRU decision.  The hearing officer indicated that he could not consider any additional evidence beyond what was submitted to the CRRU.  Petitioner agreed to this procedure and filed her written objections in June 2024.

In September 2024, the hearing officer issued proposed findings of fact and recommended the Board affirm the denial of petitioner's expungement request.  In its October 2024 decision, the Board adopted the hearing officer's recommendation and affirmed the denial. The Board noted that DCF considered numerous records including the intake and investigation file from the 2009 substantiation; documents from multiple cases in which petitioner's children were alleged to be in need of care or supervision, and in which petitioner's parental rights were

eventually terminated in 2014; petitioner's records of participation in substance-abuse treatment from 2011 to 2018 and drug screens from 2014 to 2022; letters or records from petitioner's employers containing positive reviews of petitioner; letters from petitioner's current medical providers; letters of support from petitioner's father; and petitioner's own statements. The Board noted that petitioner's substance-abuse-treatment records indicated that she participated in treatment but did not reflect that it was highly successful or completed, or refer to whether petitioner was safe around children. It further noted that petitioner's recent drug screens were mostly negative and petitioner claimed to be drug-free for the past several years.

The Board found that DCF had considered the statutory factors required by 33 V.S.A. § 4916c. DCF found that petitioner continued to deny that she committed the act that led to her substantiation, despite evidence and the family division's findings that she was physically abusive toward her children. Petitioner denied ever using unprescribed drugs but the record did not support her claim. She also continued to deny that her former partner sexually abused her children when they were in her care despite court findings to the contrary. DCF credited petitioner for obtaining housing and employment, for acknowledging the effect her drug use had on her ability to parent, and for working to address her substance-abuse issues. However, it found that these positive changes were outweighed by the fact that petitioner's neglect and abuse of her children were considered severe enough to warrant termination of her parental rights. It further found that petitioner had not submitted any documentation that attested to her ability to be safe and appropriate around children.

The Board concluded that DCF acted within its discretion in denying petitioner's request because petitioner denied the factual basis of the substantiation or its seriousness and did not provide any documentation from a professional evaluator or other persons to establish that she was not a risk to the safety and wellbeing of children. The Board found that DCF's characterization of petitioner's participation in substance-abuse treatment was reasonable. It therefore affirmed the denial of petitioner's request for expungement.

On appeal, petitioner denies that she ever hit her children. She argues that she has a new letter from a doctor indicating that she is not a danger to children. She contends that no one ever took pictures of her child's bruises. She argues that she has gained control of her drug addiction and asks to be removed from the child protection registry.

In a petition for expungement from the child protection registry, petitioner bears the burden of proving that she "no longer presents a risk to the safety or well-being of children." 33 V.S.A. § 4916c(b)(1). DCF must consider seven factors set forth in 33 V.S.A. § 4916c(b)(2) in deciding whether to grant an expungement request. When reviewing DCF's decision, the Board is limited to determining whether, considering the record submitted to DCF, DCF abused its discretion in denying the petition. Id. § 4916c(e). The Board cannot review the merits of petitioner's substantiation in an expungement appeal. See id. ("The person shall be prohibited from challenging the substantiation at such hearing, and the sole issues before the Board shall be whether the Commissioner abused the Commissioner's discretion in denying the petition for expungement."). We review the Board's decision for abuse of discretion. K.G. v. Dep't of Soc. & Rehab. Servs., 171 Vt. 529, 530 (2000) (mem.). An abuse of discretion may be found if the Board's ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." In re R.H., 2010 VT 95, ¶ 21, 189 Vt. 15 (quotation omitted).

We see no abuse of discretion here. The Board found, and petitioner does not challenge, that DCF considered the statutory factors in deciding to deny her request. By law, the Board was

not permitted to review the merits of petitioner's 2009 substantiation; thus, her arguments about how that substantiation was conducted are not relevant to this appeal. The Board explained that DCF had considered the statutory factors and given a reasonable explanation for its decision to deny petitioner's request, namely, the seriousness of the conduct underlying the substantiation and the lack of any documentation to support petitioner's claim that she no longer presented a risk to children, which it found was necessary given petitioner's continuing denial that she ever physically abused her children. These findings are supported by the record. To the extent that petitioner argues that the Board erred in not considering a June 2024 letter from a healthcare provider that addresses her safety around children, this letter was not part of the record presented to DCF, and therefore the Board was precluded from considering it by statute. See 33 V.S.A. § 4916c(e) (stating Board's review is limited to evidence originally presented to DCF).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice